IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
June 26, 2001 Session

## STATE OF TENNESSEE v. WILLIAM BUTLER BOLLING

**Appeal from the Criminal Court for Sullivan County**
**No. S40,835     Phyllis H. Miller, Judge**

_____

**No. E2000-03166-CCA-R3-CD**

_____

William Butler Bolling appeals from the Sullivan County Criminal Court's determination that he serve his plea bargained, effective two-year sentence for gambling crimes in the Department of Correction. He claims he should have received some form of alternative sentencing, preferably probation, for his felony conviction. Because Bolling has failed to demonstrate the error of the trial court's determination, we affirm.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which JOSEPH M. TIPTON and ROBERT W. WEDEMEYER, JJ., joined.

Richard Alan Spivey, Kingsport, Tennessee, for the Appellant, William Butler Bolling.

Paul G. Summers, Attorney General & Reporter; Angele M. Gregory, Assistant Attorney General; H. Greeley Welles, Jr., District Attorney General; Robert Montgomery, Assistant District Attorney General, for the Appellant, State of Tennessee.

### OPINION

The evidence regarding the offenses themselves is sparse. According to the presentence report, the defendant ran a gambling operation out of a legitimate business that he also operated. An undercover officer placed bets through the defendant and an employee in September, 1997. The officer also observed other individuals placing bets with the defendant. The officer played "punch boards," and he received "betting sheets" for wagers he placed. Eventually, the defendant was charged with gambling-related offenses.

The seventy-six year old defendant was ultimately convicted upon his guilty pleas of aggravated gambling promotion and possession of gambling paraphernalia. *See* Tenn. Code Ann. § 39-17-504 (1997) (aggravated gambling promotion); § 39-17-505 (1997) (possession of gambling paraphernalia). For these offenses, which are a Class E felony and Class B misdemeanor,

respectively, he agreed to an effective two-year sentence with the manner of service to be determined by the trial court.

At the sentencing hearing, Bolling offered a letter from a plastic surgeon who was treating him for cancer. Although the defense did not present testimonial evidence, the court briefly questioned the defendant under oath. The defendant testified that although he did not know what his income was for the current year, he had reported his gambling proceeds to the Internal Revenue Service. He claimed that he had been self-employed since he was discharged from the military in 1943, but he claimed that his gambling enterprise was "not as big as you think it is."

A presentence report was received at the sentencing hearing. It reflects that the defendant has several prior gambling-related convictions from 1986, 1982, 1975, 1974, as well as a larceny conviction from 1944 and various motor vehicle offense convictions. The defendant is the self-employed owner of Dub's Confectionary and four rental properties. The defendant reported to the preparer of the presentence report that he had gambled to support himself. He has been married for 50 years and has two severely mentally retarded children, who are both institutionalized.

The trial court found that although the defendant was presumed a favorable candidate for alternative sentencing, *see* Tenn. Code Ann. § 40-35-102(6) (1997), that presumption was overcome by the evidence (1) that the defendant "possesses a criminal history demonstrating a clear disregard for the laws and morals of society," (2) that the defendant has not been rehabilitated by past sentences, which have both involved and not involved confinement, and (3) "that confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses and . . . to [the defendant himself]." Therefore, the trial court imposed an incarcerative sentence for the felony conviction. It ordered concurrent service of six months probation for the misdemeanor.

It is the determination that the felony sentence should be served in incarceration that the defendant appeals.

When there is a challenge to the length, range, or manner of service of a sentence, it is the duty of this court to conduct a *de novo* review of the record with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d) (1997). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). "The burden of showing that the sentence is improper is upon the appellant." *Id.* In the event the record fails to demonstrate the required consideration by the trial court, review of the sentence is purely *de novo*. *Id.* If appellate review reflects the trial court properly considered all relevant factors and its findings of fact are adequately supported by the record, this court must affirm the sentence, "even if we would have preferred a different result." *State v. Fletcher*, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

In making its sentencing determination, the trial court, at the "conclusion of the sentencing hearing" and after determining the range of sentence and the specific sentence, then

determines the propriety of sentencing alternatives by considering (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on the enhancement and mitigating factors; (6) any statements the defendant wishes to make in the defendant's behalf about sentencing; and (7) the potential for rehabilitation or treatment. Tenn. Code Ann. § 40-35-210(a), (b) (1997); Tenn. Code Ann. § 40-35-103(5)(1990); *State v. Holland*, 860 S.W.2d 53, 60 (Tenn. Crim. App. 1993).

A defendant who "is an especially mitigated or standard offender convicted of a Class C, D, or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6) (1997). Our sentencing law also provides that "convicted felons committing the most severe offenses, possessing criminal histories evincing a clear disregard for the laws and morals of society, and evincing failure of past efforts at rehabilitation, shall be given first priority regarding sentences involving incarceration." Tenn. Code Ann. § 40-35-102(5) (1997). Thus, a defendant who meets the above criteria is presumed eligible for alternative sentencing unless sufficient evidence rebuts the presumption. However, the Act does not provide that all offenders who meet the criteria are entitled to such relief; rather, it requires that sentencing issues be determined by the facts and circumstances presented in each case. *See State v. Taylor*, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987).

The defendant's appellate argument focuses on the trial court's application, non-application and weighing of certain enhancement and mitigating factors. The state counters that the enhancement and mitigating factors are irrelevant to a sentencing proceeding that is entirely a manner-of-service determination, and in any event, the trial court ultimately and correctly concluded that the presumption of favorable candidacy for probation or other alternative sentencing was rebutted.

We disagree with the state's premise that the enhancement and mitigating factors are irrelevant when the sole issue before the court is the manner of service of a felony sentence. To be sure, consideration of the evidence and information offered on the enhancement and mitigating factors is relevant to determination of "the appropriate combination of sentencing alternatives that shall be imposed on the defendant . . . ." Tenn. Code Ann. § 40-35-210(b)(5); *see Donald Higbee v. State*, No. 03C01-9808-CR-00286, slip op. at 7 (Tenn. Crim. App., Knoxville, Dec. 3, 1999), *perm. app. denied* (Tenn. 2000). We recognize, as argued by the state, that this court ruled to the contrary in *State v. Jesse Cleo Minor*, No. M1998-00424-CCA-R3-CD, slip op. at 6 (Tenn. Crim. App., Nashville, Dec. 15, 1999). However, that case is of dubious authority because it relies upon *State v. Jim Green*, No. 02C01-9312-CC-00270 (Tenn. Crim. App., Jackson, Dec. 14, 1994), a case in which two of the three panelists signed the opinion "concurring in results only." We therefore conclude that the enhancement and mitigating factors are relevant to the trial court's manner-of-service determination.

The record in this case reflects that the trial court considered all relevant facts, circumstances and considerations as required by the Sentencing Reform Act. Moreover, the record reveals no error in the court's factual determinations relevant to the enhancement and mitigating factors. Thus, we turn to the merits of the trial court's sentencing determination.

In that regard, the defendant, a Range I offender, enjoyed the presumption of favorable candidacy for alternative sentencing for his Class E felony. *See* Tenn. Code Ann. § 40-35-102(6) (1997). Moreover, he was eligible for probation. *See* Tenn. Code Ann. § 40-35-303(a) (1997). The record in this case, however, demonstrates that the presumption of favorable candidacy was soundly rebutted by the defendant's history of repeated lawless behavior, particularly as regards prior gambling offenses. *See* Tenn. Code Ann. § 40-35-103(1)(A) (1997) (confinement may be based on necessity to "protect society by restraining a defendant who has a long history of criminal conduct"); Tenn. Code Ann. § 40-35-103(1)(C) (1997) (confinement may be based upon the fact that "measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant"). Given the defendant's history of gambling offenses, a sentence less than confinement would depreciate the seriousness of the offense. *See* Tenn. Code Ann. § 40-35-103(1)(B) (1997). Moreover, given the evidence of the defendant's repeated prior involvement in illegal gambling, the trial court was warranted in rejecting all forms of alternative sentencing short of total confinement. For these reasons, we affirm the trial court's judgment for two years of incarceration for the felony offense.

Upon notice of plain error, however, we find fault in the trial court's judgment for the misdemeanor offense. The judgment form reflects that the defendant was convicted of a Class A misdemeanor. However, the crime charged in the indictment is a Class B misdemeanor. No greater, Class A version of the charged crime exists. *See generally* Tenn. Code Ann. § 39-17-505(c) (1997) ("Possession of a gambling device or record is a Class B misdemeanor."). Therefore, we must remand this case to the trial court for correction of the judgment form.

The trial court's sentencing determination is affirmed. The case is remanded for correction of the judgment form in case number S40,835.

_____
JAMES CURWOOD WITT, JR., JUDGE

-4-