IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs January 25, 2005

## STATE OF TENNESSEE v. ANTHONY D. AZIZ

**Appeal from the Criminal Court for Sullivan County**
**No. S47,471     R. Jerry Beck, Judge**

_____

**No. E2004-01504-CCA-R3-CD - Filed March 3, 2005**

_____

The defendant, Anthony D. Aziz, appeals from the Sullivan County Criminal Court's denial of alternative sentencing. We affirm the judgment.

**Tenn. R. App. P. 3; Judgment of the Criminal Court is Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which GARY R. WADE, P.J., and NORMA MCGEE OGLE, J., joined.

Stephen M. Wallace, District Public Defender; and William A. Kennedy, Assistant District Public Defender, for the Appellant, Anthony D. Aziz.

Paul G. Summers, Attorney General & Reporter; Renee W. Turner, Assistant Attorney General; H. Greeley Wells, Jr., District Attorney General; and Barry Staubus, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

The defendant pleaded guilty to attempt to commit aggravated robbery, a Class C felony, and agreed to an eight-year, Range II sentence. The plea agreement called for the trial court's determining the manner of service of the sentence. The trial court accepted the plea on March 15, 2004, conducted a sentencing hearing on May 28, 2004, and entered its judgment denying alternative sentencing on June 8, 2004. The defendant filed a timely notice of appeal.

From the transcript of the plea submission hearing, we glean that on December 18, 2002, the defendant and a co-defendant were playing cards at the American Legion club and noticed that the 73-year-old victim carried a substantial amount of cash in his wallet. After the victim went

home, the two younger men went into the victim's house, took his money,[1] and beat him, causing injuries that resulted in surgery and permanent impairment.

At the sentencing hearing, the defendant's mother testified that the defendant's four-year involvement with drugs led him to commit the offense. She opined that drug rehabilitation would correct his lawless behavior. The defendant's aunt testified that drugs caused the defendant to change from a caring individual who helped her care for an invalid relative, to one who "didn't care about anything."

The presentence report showed that the defendant had prior misdemeanor convictions of public intoxication, reckless driving, assault, domestic assault, vandalism, and various traffic offenses. The reckless driving and assault offenses occurred while the current case was pending.

The trial court observed that the defendant was indicted on a charge of aggravated robbery, a Class B offense, but entered a best-interests plea to attempt to commit aggravated robbery, a Class C offense. He agreed to be sentenced as a Range II offender as a means of bargaining for a Class C conviction offense, even though his prior criminal record did not implicate Range II status. The court reviewed the defendant's criminal record and his social history. It cited his assaultive conduct toward his live-in girlfriend and his drug history. The court found that the defendant's "[p]robation supervision is extremely poor."

The trial court found that the defendant had a history of criminal behavior, that he was a leader in the commission of the offense, that the elderly and intoxicated victim was particularly vulnerable, that the victim's injuries were particularly great, and that the defendant had a previous history of non-compliance with conditions of release into the community. *See* Tenn. Code Ann. § 40-35-114(2), (3), (5), (6), (9) (2003) (stating sentence enhancement factors, respectively, for prior criminal behavior or convictions, leading the commission of the offense, offending against a particularly vulnerable victim, causing particularly great injuries, and failing in the past to observe conditions for release into the community). The court found no mitigating factors. *See id.* § 40-35-113 (stating sentence mitigating factors).

The trial court also found that deterrence was a factor in determining the manner of service of the sentence because the offense was purposefully carried out as a means of financial gain. The court also found that the defendant's prospects for rehabilitation were meager in view of the defendant's lack of candor and acceptance of responsibility for the offense, as reflected by his pre-plea statement that deflected blame upon the co-defendant. The court, accordingly, denied any form of alternative sentencing and ordered the eight-year sentence served in the Department of Correction.

On appeal, the defendant challenges the order of incarceration; however, we agree with the state that the record supports the denial of alternative sentencing.

---

[1] The presentence report reflects that the pair stole approximately $1,100 from the victim.

In this case involving a challenge to the manner of service of a sentence, this court must conduct a *de novo* review of the record with a presumption that the determinations made by the trial court are correct. *See* Tenn. Code Ann. § 40-35-401(d) (2003); *see also State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991) (presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances"). The burden of showing that the sentence is improper rests upon the defendant. *State v. Bolling*, 75 S.W.3d 418, 420 (Tenn. Crim. App. 2001). If appellate review reflects the trial court properly considered all relevant factors and its findings of fact are adequately supported by the record, this court must affirm the sentence, even if we would have preferred a different result. *Id.*

The trial court determines the propriety of sentencing alternatives by considering (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on the enhancement and mitigating factors; (6) any statements the defendant wishes to make in the defendant's behalf about sentencing; and (7) the potential for rehabilitation or treatment. Tenn. Code Ann. § 40-35-210(a), (b) (2003); *id.* § 40-35-103(5). The evidence and information offered on the enhancement and mitigating factors are relevant to the determination of the appropriate combination of sentencing alternatives that shall be imposed on the defendant. *Bolling*, 75 S.W.3d at 421; Tenn. Code Ann. § 40-35-210(b)(5) (2003).

A defendant who is an especially mitigated or standard offender convicted of a Class C, D, or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary. Tenn. Code Ann. § 40-35-102(6) (2003). In the present case, the defendant was sentenced as a multiple offender and did not enjoy presumptively favorable candidacy for alternative sentencing. In this situation, the state had no burden of overcoming the presumption and of justifying confinement. *State v. Joshua L. Webster*, No. E1999-02203 CCA-R3-CD, slip. op. at 3 (Tenn. Crim. App., Knoxville, Dec. 4, 2000); *see* Tenn. Code Ann. § 40-35-103(1) (2003).

Lack of candor and credibility is an indication of a defendant's potential for rehabilitation. *State v. Nunley,* 22 S.W.3d 282, 289 (Tenn. Crim. App. 1999); *State v. Zeolia*, 928 S.W.2d 457, 463 (Tenn. Crim. App. 1996). The trial judge is in the best position to assess a defendant's credibility and potential for rehabilitation. A defendant's potential for rehabilitation "should be considered in determining the sentence alternative." Tenn. Code Ann. § 40-35-103(5) (2003).

A trial judge may sentence a defendant to a term of incarceration based solely on a need for deterrence when the record contains evidence which would enable a reasonable person to conclude that deterrence is needed in the community, jurisdiction, or state and which shows that incarceration may rationally serve as a deterrent to others similarly situated and likely to commit similar crimes. *State v. Hooper*, 29 S.W.3d 1, 14 (Tenn. 2000).

In the present case, we conclude that the trial court's reliance upon deterrence was not supported in the record. The trial court aptly found that the defendant's crime was deterrable because it resulted from purposeful, profit-driven behavior. *See Hooper*, 29 S.W.3d at 11 ("Actions that are the result of intentional, knowing, or reckless behavior or those motivated by a desire to profit from illegal activity are probably more deterrable than those which are not the result of a conscious effort to break the law."). That said, the trial court failed to find that deterrence was needed in the community, jurisdiction, or state relative to the conviction offense, and nothing in the record supports such a conclusion.

Despite a lack of evidence supporting deterrence as a basis for ordering confinement, the record otherwise fully supports the trial court's judgment. The defendant made no showing that justified full probation. *See State v. Adam Short*, No. 03C01-9703-CC-00090, slip op. at 4 (Tenn. Crim. App., Knoxville, Jan. 28, 1998) (defendant bears burden of establishing entitlement to full probation). The defendant was not eligible for community corrections, *see* Tenn. Code Ann. § 40-36-106(a)(1)(C) (2003) (excluding community corrections alternative for offenders committing violent offenses), and he failed to demonstrate that special needs such as drug rehabilitation justified an exemption from the normal eligibility requirements, *see id.* § 40-36-106(c). Essentially, the elimination of these alternatives to full incarceration relegates the defendant to a claim that he should have received a sentence with a component of partial probation.

We hold that the record supports the denial of any probation. The defendant's lack of rehabilitative potential is evinced not only by the trial court's finding of a lack of credibility and candor, but also by the defendant's history of offending and of failing to fulfill conditions of probation.

In short, the trial court's order of full confinement is justified on the record and is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE

-4-