IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 18, 2005

## STATE OF TENNESSEE v. PHILLIP W. DAILEY

**Appeal from the Circuit Court for Blount County**
**No. C14437      D. Kelly Thomas, Jr., Judge**

---

**No. E2004-01984-CCA-R3-CD - Filed September 2, 2005**

---

The Appellant, Phillip W. Dailey, appeals the sentencing decision of the Blount County Circuit Court, which resulted in the imposition of an effective three-year sentence of incarceration. On appeal, Dailey challenges the trial court's denial of alternative sentencing. After review of the record, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

DAVID G. HAYES, J., delivered the opinion of the court, in which JERRY L. SMITH and THOMAS T. WOODALL, JJ., joined.

Stacey Nordquist, Assistant District Public Defender, Maryville, Tennessee (at trial); and Julie A. Rice, Appellate Defender, Knoxville, Tennessee (on appeal), for the Appellant, Phillip Wayne Dailey.

Paul G. Summers, Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; and Ellen L. Bereze, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**Factual Background**

In May 2003, a Blount County grand jury returned an indictment against the Appellant charging him with two counts of aggravated assault. The indictments resulted from offenses which occurred on December 31, 2002.

On New Years Eve of 2002, Doug Moore, a Corporal with the Blount County Sheriff's Office, responded to a 911 hangup call at 3202 Wright's Ferry Road in Louisville, Tennessee. Upon arriving at the address, Corporal Moore saw Lucy Snider, the Appellant's ex-wife who was living with the Appellant, standing in the driveway in the rain. Snider reported that she had been assaulted, and Moore observed blood on Snider's lip and "pump knots" on the back of her head. At trial,

Snider testified that her ex-husband had been bickering with her all day over the cable and internet bills and that when the Appellant came home from drinking and watching a UT game with his son around 8:00 or 8:30 P.M., he accused her of having an affair and abruptly flipped the circuit breaker providing power to their apartment. Snider begged him to turn the power back on and eventually flipped the switch back on herself. The Appellant again turned the breaker off, and, as Snider began to turn it back on, the Appellant hit her across the back of the head with a large metal flashlight. Snider testified that the Appellant then "grabbed me by my hair and yanked me back with one hand and hit me with the other, with the flashlight again," stating "I'll fix it so that you can't turn it back on." He then started jabbing the circuit breaker with a large screwdriver. Snider was able to retreat into the kitchen and dial 911, but the Appellant yanked the phone out of her hand and started hitting her with it. The Appellant pushed Snider into the living room and then out the front door yelling, "I should fucking shoot you, bitch."

After talking to Snider in the driveway, Corporal Moore entered the duplex where the Appellant and Snider lived. Moore identified himself as a member of the Sheriff's Department, called out the Appellant's name, and found the Appellant in the bathroom brushing his teeth. He told the Appellant to finish and to go into the living room. After considerable delay, the Appellant finally stopped brushing his teeth and informed Moore that he was going to the bedroom. The Appellant then, without warning, rushed toward Moore, and a struggle ensued. The two ended up against the washer and dryer, where Moore unsuccessfully attempted to subdue the Appellant with a chemical spray. As Corporal Moore used his radio to call for back-up, the two, still physically engaged, moved into the bedroom against a white plastic Rubbermaid chest of drawers. At some point, the Appellant opened the drawers and removed a Kel Tec nine millimeter pistol. Moore testified, "I had a fleeting thought at that exact second, was I'm going to die in the back bedroom in the dark. And I grabbed his left hand - - his right hand, chicken winged his feet out from under him." The two fell onto the chest of drawers, and Moore grabbed the Appellant's wrist and struck the Appellant in the face until the Appellant dropped the gun. At that point, Moore tossed the pistol to the side, handcuffed the Appellant, and drug him into the living room.

On May 13, 2004, at the conclusion of proof, the jury found the Appellant guilty of one count of misdemeanor assault of his ex-wife and one count of aggravated assault of Corporal Moore. The trial court sentenced the Appellant to eleven months and twenty-nine days for assault and to three years in the Department of Correction for aggravated assault, ordering the sentences to run concurrently. The Appellant appeals this ruling, arguing that "the trial court erroneously interpreted and applied applicable law in denying . . . any form of alternative sentencing for his aggravated assault."

**Analysis**

The Appellant appeals the trial court's denial of his request for alternative sentencing arguing that the record does not support the court's conclusion that the presumption in favor of alternative sentencing had been rebutted and that the trial court failed to apply mitigating factors. He maintains that he should receive "a sentence of split or periodic confinement coupled with probation." When

an accused challenges the length, range, or manner of the service of a sentence, this court has a duty to conduct a *de novo* review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d) (2003); *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). The court must consider the evidence received at the trial and sentencing hearing, the pre-sentence report, the principles of sentencing, arguments of counsel, the nature and characteristics of the offense, mitigating and enhancing factors, statements made by the offender, and the potential for rehabilitation. *Ashby*, 823 S.W.2d at 168; *see also* Tenn. Code Ann. § 40-35-210 (2003). The burden of showing that the sentence is improper is upon the appealing party. Tenn. Code Ann. § 40-35-401(d), Sentencing Commission Comments.

A defendant convicted of a Class C, D, or E felony and sentenced as an especially mitigated or standard offender is "presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6) (2003). Although a defendant may be presumed a favorable candidate for alternative sentencing, the defendant has the burden of establishing suitability for total probation. Tenn. Code Ann. § 40-35-303(b) (2003); *State v. Boggs*, 932 S.W.2d 467, 477 (Tenn. Crim. App. 1996). Even though probation must be automatically considered, "the defendant is not automatically entitled to probation as a matter of law." Tenn. Code Ann. § 40-35-303(b), Sentencing Commission Comments; *State v. Hartley*, 818 S.W.2d 370, 373 (Tenn. Crim. App. 1991). In determining whether to grant or deny probation, a trial court should consider the circumstances of the offense, the defendant's criminal record, the defendant's social history and present condition, the need for deterrence, and the best interest of the defendant and the public. *State v. Greer*, 568 S.W.2d 285, 286 (Tenn. 1978); *State v. Boyd*, 925 S.W.2d 237, 244 (Tenn. Crim. App. 1995). A trial court must acknowledge one of the following considerations before imposing a sentence of total confinement:

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant[.]

Tenn. Code Ann. § 40-35-103(1) (2003).

We note that, as a Range I standard offender convicted of a Class C felony, the Appellant receives an initial presumption in favor of alternative sentencing. *See* Tenn. Code Ann. § 40-35-102(5). The record demonstrates that the trial court afforded the Appellant this presumption at the sentencing hearing. The trial court denied alternative sentencing noting: (1) "the extreme danger created by this offense"; (2) the Appellant's "history . . . of dangerous threats of homicide and suicide"; and (3) the Appellant's unlikely success at rehabilitation.

With regard to the Appellant's argument concerning the trial court's consideration of his unlikelihood of rehabilitation, this court has held that the potential or lack of potential for rehabilitation is not relevant in determining whether an alternative sentence should be granted. Rather, as expressed in the language of Tennessee Code Annotated section 40-35-103(5), it is relevant only in determining which alternative option should be imposed following the grant of an alternative sentence. *State v. Dowdy*, 894 S.W.2d 301, 306 (Tenn. Crim. App. 1994).

The Appellant also contends that the trial court failed to consider applicable mitigating factors in determining the manner of service of his sentence. He submits that sufficient proof was presented that "(2) he acted after strong and repeated provocation from Snider, (11) the circumstances were unusual enough that it is likely he did not have a sustained intent to violate the law, (13) he has no prior criminal history, has been gainfully employed for over 20 years and only since conviction has had trouble getting a job, and has been a contributing and valued member of society in Blount County for years." *See* Tenn. Code Ann. § 40-35-113 (2003). This court has previously held that the mitigating and enhancing factors set forth in Tennessee Code Annotated §§ 40-35-113, -114 (2003) are relevant to the determination of whether alternative sentencing is appropriate. *State v. Zeolia*, 928 S.W.2d 457, 461 (Tenn. Crim. App. 1996) (citing Tenn. Code Ann. § 40-35-210(b)(5)); *see also State v. Bolling*, 75 S.W.3d 418, 421 (Tenn. Crim. App. 2001). Upon *de novo* review, we conclude, however, that the record does not support the application of mitigating factors (2) or (11). With regard to factor (13), although the record does show that the Appellant has been gainfully employed in the past, he is currently unemployed.

The Appellant argues that parts (A) and (C) of Tennessee Code Annotated section 40-35-103(1) do not rebut his presumption in favor of alternative sentencing. After review of the record, we conclude that the trial court did not base its decision on either of these factors. From the comments of the trial court, we discern that the trial court concluded that confinement was necessary to avoid depreciating the seriousness of the offense. *See* Tenn. Code Ann. § 40-35-103(1)(B).

Additionally, the Appellant contends that his criminal conduct does not justify confinement based on the seriousness of the offense. To deny probation or another alternative sentence based on the seriousness of the offense, "'the circumstances of the offense as committed must be especially violent, horrifying, shocking, reprehensible, offensive, or otherwise of an excessive or exaggerated degree,' and the nature of the offense must outweigh all factors favoring" an alternative sentence. *State v. Bingham*, 910 S.W.2d 448, 454 (Tenn. Crim. App. 1995) (quoting *Hartley*, 818 S.W.2d at 375). The Appellant contends that Tennessee Code Annotated section 39-13-102(d)(1), which requires the court to consider as an enhancement factor that the victim of aggravated assault was a law enforcement officer, does not automatically make the assault "so shocking or reprehensible as to deny all possibility of an alternative sentence." We agree that a defendant's criminal acts directed at a member of law enforcement alone do not prevent a defendant from receiving an alternative sentence; however, we conclude that the trial court properly examined the evidence at trial and the sentencing hearing, which demonstrates that the Appellant's conduct was egregious and reprehensible. The Appellant stands convicted of one count of aggravated assault in addition to one count of misdemeanor assault. He not only beat his ex-wife over the head and threatened to kill her

but also armed himself with a nine millimeter pistol and fought with the arresting officer. Indeed, the Appellant admitted to another officer that he intended to kill Corporal Moore. Although the Appellant was presumed to be a favorable candidate for alternative sentencing, *see* Tenn. Code Ann. § 40-35-102(6), the proof of his excessive and egregious acts against the victims was sufficient to overcome this presumption.

## CONCLUSION

Based upon the foregoing, we affirm the Blount County Circuit Court's imposition of an effective three-year sentence.

_____
DAVID G. HAYES, JUDGE