IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs September 24, 2024

## STATE OF TENNESSEE v. TRISTON ROBERT MILKE

**Appeal from the Criminal Court for Cumberland County**
**No. 23-309    Gary McKenzie, Judge**

_____

### No. E2024-00519-CCA-R3-CD

_____

The Defendant, Triston Robert Milke, pleaded guilty to aggravated assault, a Class C felony, in the Cumberland County Criminal Court and was placed on judicial diversion with a probationary period of three years.  *See* T.C.A. § 39-13-102 (Supp. 2023) (aggravated assault).  The trial court revoked the Defendant's diversion and entered a judgment of conviction imposing an effective sentence of three years to be served in confinement.  On appeal, the Defendant contends that the trial court erred by revoking his judicial diversion and ordering confinement.  We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN, P.J., and JILL BARTEE AYERS, J., joined.

Jeffrey A. Vires, Crossville, Tennessee, for the appellant, Triston Robert Milke.

Jonathan Skrmetti, Attorney General and Reporter; William C. Lundy, Assistant Attorney General; Bryant C. Dunaway, District Attorney General; Rachael Bateman, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The transcript of the guilty plea hearing is not in the record, but the presentence report reflects that on November 10, 2023, the Defendant was arrested regarding a domestic incident.  *See* T.R.A.P. 24(b); *State v. Bunch*, 646 S.W.2d 158, 160 (Tenn. 1983) (The Defendant has the burden of preparing a fair, accurate, and complete account of what transpired in the trial court proceedings relative to the issues raised on appeal.).  He was intoxicated and repeatedly hit the victim on the face and choked her.  The Defendant waived indictment, pleaded guilty by information to aggravated assault, and on December

1, 2023, was granted judicial diversion and was sentenced to three years' probation. A probation violation report indicated that on December 2, 2023, the day after receiving judicial diversion, the Defendant was charged with domestic assault and released on bond. On December 5, 2023, the Defendant was arrested for a violation of his bond conditions. On December 7, 2023, the Defendant's probation officer filed a violation of probation affidavit alleging that the Defendant violated the terms of his judicial diversion probation, as evidenced by his arrests. On February 9, 2024, the trial court revoked the Defendant's judicial diversion, with the manner of service to be determined at a sentencing hearing. The transcript of the judicial diversion revocation hearing is not in the record. *See* T.R.A.P. 24(b); *Bunch*, 646 S.W.2d at 160.

At the sentencing hearing, the presentence report was received as an exhibit. The presentence report reflected that the Defendant was age twenty-six, completed high school and apprenticeships in HVAC work and masonry, owned his own private security company, and briefly worked for a heating and cooling company. The Defendant had no mental health issues and did not take medications. The Defendant reported that he had liver and kidney disease due to alcohol abuse and stated that he had never been sober for longer than three months. The Defendant reported completing an alcohol recovery program while incarcerated and planned to continue that program once released. The report reflected that the Defendant had a May 30, 2023 charge of driving under the influence, for which he pleaded guilty and received supervised probation on December 14, 2023, and that he had a February 11, 2021 charge of disorderly conduct, for which he was sentenced on May 3, 2021, and ordered to pay fines and costs. The risk and needs assessment found the Defendant was a high risk for violence and aggression.

Tennessee Department of Correction and Probation and Parole Officer Charles Stiriz testified that he prepared the Defendant's presentence report. Mr. Stiriz said that the Defendant was placed on probation for a domestic-related aggravated assault on December 1, 2023, and that the Defendant violated the conditions of his probation the next day when he was charged with the domestic assault of the same victim. The judgments for the Defendant's prior convictions were received as exhibits.

In an allocution, the Defendant acknowledged that he had an alcohol addiction, that he had liver disease related to his alcohol abuse, and that he was "pretty close" to "hit[ting] rock bottom." He stated that he was a veteran, that he had been living with his out-of-state sister, and that he had been working for his brother-in-law's roofing company. He said that he had been working with a mental health counselor, that he had completed the Living and Balance Substance Abuse Program, and that he wanted to enroll in other programs addressing alcohol addiction and mental health concerns. A certificate of completion for the Living and Balance Substance Abuse Program was received as an exhibit.

The State argued that the Defendant should receive a three-year sentence to be served in confinement, noting that the Defendant committed a domestic assault one day after being granted judicial diversion for aggravated assault of the same victim and that the Defendant violated an order of protection with regard to that victim. The State argued that less restrictive measures had been attempted unsuccessfully and, therefore, confinement was necessary. The State did not identify any enhancement factors. Defense counsel acknowledged that on December 1, 2023, the Defendant was granted judicial diversion for aggravated assault; that on December 2, he committed a domestic assault against the same victim; that on December 5, he was arrested for a violation of his bond conditions; and that on December 14, he pleaded guilty to driving under the influence. Defense counsel requested that the Defendant be given probation for the Defendant to continue working and to attend substance abuse programs. The victim's testimony from the revocation hearing was referenced but, as previously noted, was not included in the record.

The trial court noted that it had earlier heard proof regarding the Defendant's violation of the conditions of his judicial diversion probation. The court considered the Defendant's allocution, the presentence report, the principles of sentencing, the arguments for alternative sentencing, the risks and needs assessment and statistical information, the Defendant's prior convictions, the nature and characteristics of the aggravated assault conviction, and the Defendant's potential for rehabilitation. The court did not apply any enhancement factors, although it noted the Defendant's previous history of criminal convictions, and the court gave some consideration to the Defendant's "generational" history of alcohol abuse as a mitigating factor. After determining that the three-year sentence[1] was appropriate, the court considered whether the sentence should be served in confinement. The court noted the Defendant had a May 30, 2023 conviction for driving under the influence; a December 1, 2023 aggravated assault conviction for which he received judicial diversion; and a December 2, 2023 domestic assault charge. The court found that measures less restrictive than confinement had frequently or recently been applied unsuccessfully to the Defendant and ordered the Defendant to serve his sentence in confinement.

The Defendant contends that the trial court erred by revoking his judicial diversion and by ordering confinement. The State counters that the Defendant waived consideration of his judicial diversion revocation because the transcript of the revocation hearing is not in the record and that the trial court properly exercised its discretion in ordering the Defendant to serve his sentence in confinement. We agree with the State.

---

[1] Three years is the minimum sentence for a Range I, Class C felony conviction for aggravated assault. *See* T.C.A. §§ 39-13-102, 40-35-112(a)(3) (2019).

The Defendant has prepared an inadequate record which precludes appellate review of the trial court's decision to revoke the Defendant's judicial diversion. The Defendant has failed to include the guilty plea hearing transcript and the transcript of the judicial diversion revocation hearing. The Defendant has the burden of preparing a fair, accurate, and complete account of what transpired in the trial court relative to the issues raised on appeal. *See, e.g.*, *Bunch*, 646 S.W.2d at 160. This includes the obligation to have a transcript of the evidence or proceedings prepared. *See* T.R.A.P. 24(b). "When the record is incomplete, or does not contain the proceedings relevant to an issue, this [c]ourt is precluded from considering the issue." *State v. Miller*, 737 S.W.2d 556, 558 (Tenn. Crim. App. 1987). In the present case, we have no information from the revocation hearing on which to base a review of the trial court's considerations. Therefore, "this [c]ourt must conclusively presume that the ruling of the trial court was correct in all particulars." *Id.* The Defendant is not entitled to relief on this issue.

The Defendant contends that the trial court erred by ordering him to serve his sentence in confinement. A sentence is based upon "the nature of the offense and the totality of the circumstances," including a defendant's background. *State v. Ashby*, 823 S.W.2d 166, 168 (Tenn. 1991); *see State v. Trotter*, 201 S.W.3d 651, 653 (Tenn. 2006). A trial court must consider any evidence received at the trial and sentencing hearing, the presentence report, the principles of sentencing, counsel's arguments as to sentencing alternatives, the nature and characteristics of the criminal conduct, any mitigating or statutory enhancement factors, statistical information provided by the Administrative Office of the Courts as to sentencing practices for similar offenses in Tennessee, any statement that the defendant made on his own behalf, the potential for rehabilitation or treatment, and the result of the validated risk and needs assessment. T.C.A. §§ 40-35-103 (2019), -210 (2019); *Ashby*, 823 S.W.2d at 168; *State v. Moss*, 727 S.W.2d 229, 236 (Tenn. 1986); *State v. Taylor*, 744 S.W.2d 919 (Tenn. Crim. App. 1987)); *see* T.C.A. § 40-35-102 (2019). When the sole issue before the trial court is the manner of service, "information offered on the enhancement and mitigating factors is relevant to [a] determination of 'the appropriate combination of sentencing alternatives that shall be imposed on the defendant[.]'" *State v. Bolling*, 75 S.W.3d 418, 421 (Tenn. Crim. App. 2001) (citations omitted). A "trial court is not required to recite on the record all of the . . . factors; however, the record should reflect that the trial court considered all of the factors in rendering its decision and that it 'identified the specific factors applicable to the case before it.'" *State v. Dycus*, 456 S.W.3d 918, 930 (Tenn. 2015) (quoting *State v. King*, 432 S.W.3d 316, 327 (Tenn. 2014)).

A trial court is permitted to sentence a defendant who otherwise qualifies for probation or alternative sentencing to incarceration when:

(A) [c]onfinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B) [c]onfinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C) [m]easures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant[.]

T.C.A. § 40-35-103(1)(A)-(C); *see Trotter*, 201 S.W.3d at 654.

The standard of review for questions related to probation or any other alternative sentence is an abuse of discretion with a presumption of reasonableness. *State v. Caudle*, 388 S.W.3d 273, 278-79 (Tenn. 2012); *see State v. Bise*, 380 S.W.3d 682, 708 (Tenn 2012). Generally, probation is available to a defendant sentenced to ten years or less. T.C.A. § 40-35-303(a) (Supp. 2023). However, our supreme court has reiterated that the ruling in *State v. Bise* "specifically requires trial courts to articulate the reasons for the sentence in accordance with the purposes and principles of sentencing in order for the abuse of discretion standard with a presumption of reasonableness to apply on appeal." *State v. Pollard*, 432 S.W.3d 851, 861 (Tenn. 2013) (citing *Bise*, 380 S.W.3d at 698-99). The burden of establishing suitability for probation rests with a defendant, who must demonstrate that probation will "'subserve the ends of justice and the best interest of both the public and the defendant.'" *State v. Souder*, 105 S.W.3d 602, 607 (Tenn. Crim. App. 2002) (quoting *State v. Dykes*, 803 S.W.2d 250, 259 (Tenn. Crim. App. 1990)); *see* T.C.A. § 40-35-303(b); *State v. Carter*, 254 S.W.3d 335, 347 (Tenn. 2008).

In the present case, the trial court noted the relevant principles of sentencing, the evidence submitted, and the other statutory factors it was required to consider. The court also gave consideration to the Defendant's "generational" history of alcohol abuse as a mitigating factor. In ordering incarceration, the court found that measures less restrictive than confinement were frequently and recently applied unsuccessfully to the Defendant. The record supports the court's findings. The Defendant not only violated the terms of his judicial diversion probation for aggravated assault, he did it by committing an assault against the same victim while violating an order of protection. The court did not abuse its discretion in ordering the Defendant to serve his three-year sentence in confinement. The Defendant is not entitled to relief on this issue.

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
ROBERT H. MONTGOMERY, JR., JUDGE