# IN THE SUPREME COURT OF TENNESSEE
## AT MEMPHIS
### November 8, 2005 Session

## STATE OF TENNESSEE v. JESSICA TROTTER AND ANDREW SHERIFF

**Appeal by permission from the Court of Criminal Appeals**
**Shelby County Criminal Court**
**No. 03-02844     Arthur T. Bennett, Judge**

---

**No. W2004-00656-SC-R11-CD - Filed on June 29, 2006**

---

Through forgery and credit card fraud, defendants, Trotter and Sheriff, stole approximately half a million dollars from Trotter's employer. After both defendants had pleaded guilty to theft of property over sixty thousand dollars, a Class B felony, the trial court imposed an eight-year sentence upon each defendant. The defendants applied for alternative sentencing; the trial court denied the application on the grounds of general deterrence and depreciation of the seriousness of the offense. On appeal, the intermediate court reversed the trial court's judgment and imposed alternative sentences of twelve months incarceration, with the balance to be served on probation. We accepted the State's petition for review of this cause under Rule 11 of the Tennessee Rules of Appellate Procedure in order to determine whether the intermediate court erred in reversing the trial court's sentences of confinement and substituting alternative sentences. We conclude that the Court of Criminal Appeals erred in modifying the defendants' sentences. Accordingly, the judgment of the Court of Criminal Appeals is reversed, and the judgment of the trial court is reinstated.

**Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Criminal Appeals Reversed; Case Remanded**

ADOLPHO A. BIRCH, JR., J., delivered the opinion of the court, in which WILLIAM M. BARKER, C.J., and E. RILEY ANDERSON, JANICE M. HOLDER, and CORNELIA A. CLARK, JJ., joined.

Paul G. Summers, Attorney General and Reporter; Rachel E. Willis, Assistant Attorney General, for the Appellant, State of Tennessee.

Brett B. Stein, Memphis, Tennessee, Attorney for the Appellee, Jessica Trotter.
Garland Ergüden, Assistant Public Defender, Memphis, Tennessee, for the Appellee, Andrew Sheriff.

## OPINION

## I. Facts and Procedural History

Ms. Jessica Trotter, a defendant, was employed by the owners of a retail jewelry store in August 2000. Initially, she managed the office, but after a few months she began to handle the store's finances as well as the personal finances of the owners. Shortly thereafter, she and Mr. Andrew Sheriff, the co-defendant, began residing together. In December 2000, Trotter began writing checks payable to herself and Sheriff from the store's account. Initially, she deposited these forged checks into a checking account belonging to her former husband. Then, in early 2001, Sheriff began depositing these checks into a bank account he had opened. Trotter and Sheriff also forged company checks to cover their personal expenses, including mortgage payments, vacations, medical expenses, jewelry, and lavish presents for family and friends. Additionally, some of the checks were used to pay credit card indebtedness, and a significant portion of the money was used to purchase illegal drugs.

In late 2002, the owners discovered Trotter's scheme and determined that the defendants had stolen approximately half a million dollars. Trotter and Sheriff were each indicted for theft of property over sixty thousand dollars—a Class B felony—and each pleaded guilty. Under the terms of a plea agreement, each defendant was sentenced to an eight-year term with the manner of service to be determined by the trial court. The defendants petitioned for alternative sentencing, and, after an evidentiary hearing, the trial court refused to grant the petition. On appeal to the Court of Criminal Appeals, Trotter and Sheriff challenged the denial of alternative sentencing. The Court of Criminal Appeals reversed the trial court's judgment and remanded the case for entry of alternative sentences for each defendant. We now consider the State's appeal of that judgment.

## II. Standard of Review

On appeal, our standard of review of sentencing issues is de novo with a presumption of correctness afforded to the trial court's determinations. Tenn. Code Ann. § 40-35-401(d) (2003 & Supp. 2005); State v. Sutton, 166 S.W.3d 686, 689 (Tenn. 2005).

## III. Analysis

In appealing the intermediate court's reversal of the defendants' eight-year sentence of incarceration and remand for entry of a judgment of split confinement, the State contends that the Court of Criminal Appeals ignored the seriousness of the offense as a basis of the sentencing court's denial of alternative sentencing and failed to accord the presumption of correctness to the sentencing court's judgment. The defendants, on the other hand, contend in their brief that the intermediate court's alternative sentence is appropriate because the committed offense was not "especially violent, horrifying, shocking, reprehensible, offensive, or otherwise of an excessive or exaggerated degree" and that "the nature of the offense . . . [did not] outweigh all factors favoring [a] sentence other than confinement."

A defendant's sentence is based on "the nature of the offense and the totality of the circumstances in which it was committed, including the defendant's background." State v. Ashby, 823 S.W.2d 166, 168 (Tenn. 1991) (citing Tenn. Code Ann. §§ 40-35-102(1),(2)).

The Criminal Sentencing Reform Act of 1989 ("Act") provides the guidelines for sentencing courts to follow when deciding a defendant's sentence and the manner in which it will be served. The Act provides, in part:

> (5) In recognition that state prison capacities and the funds to build and maintain them are limited, convicted felons committing the most severe offenses, possessing criminal histories evincing a clear disregard for the laws and morals of society, and evincing failure of past efforts at rehabilitation shall be given first priority regarding sentencing involving incarceration; and
>
> (6) A defendant who does not fall within the parameters of subdivision (5), and who is an especially mitigated or standard offender convicted of a Class C, D or E felony, should be considered as a favorable candidate for alternative sentencing options in the absence of evidence to the contrary. A court shall consider, but is not bound by, this advisory sentencing guideline.

Tenn. Code Ann. § 40-35-102(5)-(6) (2003 & Supp. 2005). Because each defendant was convicted of a Class B felony, the presumption that the defendants are favorable candidates for alternative sentencing options under subsection (6) does not apply.

Probation, however, as an alternative sentence shall be automatically considered by the court for defendants whose sentence if actually imposed is eight years or less. Tenn. Code Ann. § 40-35-303(a) (2003 & Supp. 2005). Although probation is automatically considered, the statute does not mandate that trial courts impose such a sentence on eligible defendants.

Furthermore, the Act includes sentencing principles to apply to each defendant. The sentencing principle governing the justification for incarceration is particularly significant. The statute reads, in part:

> Sentences involving confinement should be based on the following considerations:
> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant;

Tenn. Code Ann. § 40-35-103(1) (2003). The sentencing consideration we focus upon is subsection (B)—"Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses." Here, the trial court found that the amount stolen was excessive and serious and that imposition of a sentence less than confinement would depreciate the seriousness of the offense. The trial court concluded that confinement was necessary under each of the two prongs set out in subsection (B). The intermediate court apparently overlooked the "depreciation" prong as found by the trial court.

Applying the relevant statutes, we find that the defendants are not presumptively favorable candidates for alternative sentencing because of the class of the offense committed. Even so, probation shall automatically be considered because the length of each defendant's sentence is eight years. The sentencing court considered probation, found that it was not appropriate in this case, and stated its reasons on the record: to avoid depreciating the seriousness of the offense and deterrence. See Tenn. Code Ann. § 40-35-210(e) (2003 & Supp. 2005) (requiring sentencing court to state sentencing reasons on the record). Thus, the issue is whether the sentencing court's reasons for denying alternative sentencing comport with the Criminal Sentencing Reform Act of 1989.

If the seriousness of the offense forms the basis for the denial of alternative sentencing, Tennessee courts have held that "'the circumstances of the offense as committed must be especially violent, horrifying, shocking, reprehensible, offensive or otherwise of an excessive or exaggerated degree,' and the nature of the offense must outweigh all factors favoring a sentence other than confinement." State v. Grissom, 956 S.W.2d 514, 520 (Tenn. Crim. App. 1997) (citing State v. Bingham, 910 S.W.2d 448, 454 (Tenn. Crim. App. 1995) and State v. Hartley, 818 S.W.2d 370, 374-75 (Tenn. Crim. App. 1991)); State v. Millsaps, 920 S.W.2d 267 (Tenn. Crim. App. 1995) (citations omitted). The defendants rely on Grissom and Millsaps to support their contention that the nature of the offense did not outweigh all factors favoring a sentence other than confinement. Thus, we must look to the record to consider the weight of the nature of the offense versus the favorable factors for alternative sentencing.

In the case under review, the defendants, over an approximate two-year period, stole nearly half a million dollars from Trotter's employer. Trotter and Sheriff used the stolen money to advance and support a rather lavish lifestyle by purchasing a new home, a new car, jewelry, vacations, and expensive gifts for others. Additionally, the stolen proceeds were used to reduce the balances owed on several of their credit cards. Moreover, Sheriff used approximately one hundred thousand dollars to purchase illegal drugs. Only twenty thousand dollars has been recouped from the defendants. At the sentencing hearing, the trial court noted that Trotter had no previous criminal record and that Sheriff had no prior record "to amount to anything." Additionally, both defendants adduced testimony of their good character, and each expressed remorse.

While Trotter and Sheriff appear to have the potential for rehabilitation, in our view, the evidence of the crime is "reprehensible, offensive or otherwise of an excessive or exaggerated degree" to the extent that it outweighs their mitigating circumstances. We have reached the same conclusion upon less egregious facts. See State v. Davis, 940 S.W.2d 558, 559-561 (Tenn. 1997)

-4-

(upholding the denial of probation for the offense of vandalism where the estimated damage was twelve hundred dollars based on the trial court's considering the seriousness of the offense and general deterrence where the vandalism was in retaliation for crossing a picket line).

Because we have concluded that the circumstances here are indeed offensive, excessive, and of an exaggerated degree, we hold the seriousness of the offense alone supports the denial of alternative sentencing and that a sentence of confinement is necessary to avoid depreciating the seriousness of the offense.

The State also points out that on direct appeal, the Court of Criminal Appeals failed to recognize that the trial court's denial of alternative sentencing was based not only on deterrence but also on the need to avoid depreciating the seriousness of the offense. Addressing the trial court's finding of deterrence as if it were the sole basis for the denial of alternative sentencing, the intermediate court concluded that the "trial court's unsubstantiated references to deterrence does [sic] not satisfy the dictates of State v. Hooper, 29 S.W.3d 1 (Tenn. 2000)." Accordingly, the intermediate court declined to presume the correctness of the trial court's judgment because of its view that the trial court's reliance on the deterrence factor was not supported by any evidence.

The concept of deterrence has, understandably, been a component of the sentencing equation since the Criminal Justice Reform Act of 1978. See generally Boykins v. State, 584 S.W.2d 194, 196 (Tenn. 1979) (referencing the Legislature's amendment by enactment of chapter 911 of the 1978 Tennessee Public Acts and citing Tenn. Code Ann. §40-2904). But, precisely how it should affect the sentencing decision has been a source of vexation for Tennessee judges. At the crux of the controversy is which sentencing decisions may be dictated or supported by a consideration of deterrence alone. See State v. Hooper, 29 S.W.3d 1, 6 (Tenn. 2000) (citing Moten v. State, 559 S.W.2d 770 (Tenn. 1977)). "Deterrence is certainly a principle to consider in sentencing, but both case law and the statute contemplate that that consideration should be qualified." Ashby, 823 S.W.2d at 170.

In Hooper, we held that a sentencing judge may impose confinement based solely on deterrence when the evidence "would enable a reasonable person to conclude that (1) deterrence is needed in the community, jurisdiction, or state; and (2) the defendant's incarceration may rationally serve as a deterrent to others similarly situated and likely to commit similar crimes." Hooper, 29 S.W.3d at 13.

Hooper addresses the issue of whether deterrence *alone* may support a denial of alternative sentencing and articulates the criteria for such circumstances, but the instant case is easily distinguished from Hooper. Here, deterrence was not the trial court's sole basis for denying alternative sentencing. In this regard, the trial court stated:

> The Court has to determine whether there's a need, a compelling need to protect society by restraining the defendant's conduct.

This type of activity of course is damaging to society. We heard about employees effected, [sic] other things effected, [sic] the Rozens effected [sic] in their relationship with other folk or businesses that they had to deal with, effected [sic] other folk or people. So that is detrimental to these defendants.

The Court has to decide whether granting any relief in this matter would depreciate the seriousness of this offense. And this was a serious offense, as you know.

. . .

. . . And the Court feels that the seriousness of this offense and the deterrent effect outweigh the fact that these persons have no prior record. Because of the amount, the way it was done. It apparently was not done just to get enough to survive, it was done to live close to what Donald Trump would want to live. So it goes beyond mere necessities of life.

Clearly, the trial court based the denial of alternative sentencing on considerations other than deterrence, i.e., the seriousness of the offense and the need to avoid depreciation of the offense. Because the denial of alternative sentencing is amply supported by factors other than deterrence, we need not further address the Hooper criteria in the case under submission. The trial court's denial of alternative sentencing was justified.


## V. Conclusion

Although the class of the offense committed did not presumptively establish the defendants as favorable candidates for alternative sentencing, under the facts of this case, the defendants were eligible for alternative sentencing because the length of their sentences were eight years or less. The sentencing court found that based on the seriousness and excessive nature of the offense, alternative sentencing was inappropriate. Based on our de novo review, and according the judgment of the trial court the presumption of correctness, we reinstate the defendants' sentences imposed by the trial court. The costs of this appeal are taxed to the State of Tennessee.


_____
ADOLPHO A. BIRCH, JR., JUSTICE