IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
November 1, 2012 Session

**STATE OF TENNESSEE v. KYTO SIHAPANYA**

**Appeal from the Circuit Court for Fayette County**
**No. 12-CR-15     J. Weber McCraw, Judge**

---

**No. W2012-00716-CCA-R3-CD  - Filed November 8, 2013**

---

**ROGER A. PAGE, J., concurring and dissenting**.

I concur with the majority opinion, except I respectfully disagree with the conclusion by the majority that the trial court erred in denying appellant alternative sentencing. After considering the evidence presented at the sentencing hearing and the record as a whole, it is my view that the trial court did not abuse its discretion in sentencing appellant to a term of incarceration. Therefore, I respectfully dissent from the majority's opinion reversing the trial court's denial of alternative sentencing.

When reviewing the trial court's denial of appellant's request for alternative sentencing, the  applicable standard of review is abuse of discretion with a presumption of reasonableness. *State v. Caudle*, 388 S.W.3d 273, 278-79 (Tenn. 2012). Specifically, the trial court found the existence of one aggravating factor, that appellant had no hesitation about committing a crime when the risk to human life was high. Tenn. Code Ann. § 40-35-114(10). It stated that the aggravating factor "weigh[ed] heavily" in that "even after the accident happened, [appellant] didn't stop." The record reflects that appellant made the decision to drink alcohol while he was in Nashville, even though he was a minor, and drive in the early morning hours without first sleeping. Before striking the victim's vehicle, appellant had already fallen asleep once and attempted to keep himself awake by drinking water and eating sunflower seeds. In addition, he admitted that he failed to stop and render aid to the victim because he was afraid of being in trouble with his family and that he acted selfishly. He admitted that if officers had not stopped him, he would have gone straight home, and no one would have known about what he had done. Law enforcement officers were notified of the accident around 5:59 a.m. Based on a description of appellant's vehicle, he was apprehended and taken to the scene. Around 9:12 a.m., his blood was drawn, at which time appellant's blood alcohol content still measured 0.02.

In denying probation, the trial court relied upon Tennessee Code Annotated section 40-35-103(1)(B), that "[c]onfinement is necessary to avoid depreciating the seriousness of the offense or . . . is particularly suited to provide an effective deterrence to others likely to commit similar offenses[.] Tennessee courts have held that when

"the seriousness of the offense forms the basis for the denial of alternative sentencing, . . . 'the circumstances of the offense as committed must be especially violent, horrifying, shocking, reprehensible, offensive or otherwise of an excessive or exaggerated degree,' and the nature of the offense must outweigh all factors favoring a sentence other than confinement."

*State v. Trotter*, 201 S.W.3d 651, 654 (Tenn. 2006) (quoting *State v. Grissom*, 956 S.W.2d 514, 520 (Tenn. Crim. App. 1997)). This factor alone supports the denial of probation in this case. *See id.* at 655 (in a theft and credit card fraud case, holding that "the seriousness of the offense alone supports the denial of alternative sentencing and that a sentence of confinement is necessary to avoid depreciating the seriousness of the offense"); *State v. Davis*, 940 S.W.2d 558, 559-61 (Tenn. 1997) (affirming the denial of a suspended sentence for the offense of vandalism based on the trial court's consideration of the seriousness of the offense and general deterrence).

As noted by the majority, the fact that the victim died is an element of the offense. Moreover, appellant is clearly eligible for probation. However, the circumstances of this offense are "shocking, reprehensible, offensive or otherwise of an excessive or exaggerated degree" based on appellant's admitted illegal consumption of alcohol and his poor decision to begin his journey home at 2:30 a.m. after drinking alcohol. *See Trotter*, 201 S.W.3d at 654. In my opinion, the trial court did not abuse its discretion in denying probation.

The trial court properly denied appellant's request for probation and ordered him to serve a sentence involving confinement.

_____
ROGER A. PAGE, JUDGE