# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs November 14, 2013

## STATE OF TENNESSEE v. WILLIAM ROGER HENDERSON, III

**Appeal from the Criminal Court for Davidson County**
**No. 2012-B-1791    Randall Wyatt, Judge**

**No. M2013-00603-CCA-R3-CD - Filed December 18, 2013**

The defendant, William Roger Henderson, III, pled guilty to two counts of attempted aggravated robbery, Class C felonies. The trial court sentenced him as a multiple offender to serve nine years in the Department of Correction on each count, with the counts to run concurrently. The trial court refused to give the defendant an alternative sentence, and the defendant appeals. Having reviewed the record, we conclude that the trial court did not abuse its discretion in ordering the defendant's confinement to prison, and we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which THOMAS T. WOODALL and CAMILLE R. MCMULLEN, JJ., joined.

David A. Collins, Nashville, Tennessee, for the appellant, William Roger Henderson, III.

Robert E. Cooper, Jr., Attorney General & Reporter; Rachel Harmon, Senior Counsel; Victor S. Johnson, III, District Attorney General; and Amy Hunter, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTUAL AND PROCEDURAL HISTORY

The defendant's best interest guilty pleas were entered pursuant to a plea agreement after the defendant was apprehended in connection with the attempted aggravated robbery

of the victims, Ben and Kelly Gamble. The length of the defendant's sentences and the decision to run them concurrently had been negotiated with the State; the trial court was to decide the manner of service.

According to the testimony of the victims at the sentencing hearing and the bond reduction hearing, the crime occurred on February 17, 2012, when the victims, a married couple, were preparing to attend a pool tournament at a bar. Mr. Gamble had just gotten off work, and he drove his wife to the bar, stopping to pick up fast food on the way. The victims parked in a somewhat isolated back parking lot and were eating in the car, with the windows apparently partially open. Mr. Gamble noticed the defendant loitering near the vehicle. When the defendant disappeared from his sight, Mr. Gamble became concerned and looked around for the defendant. Spotting the defendant coming up on the passenger's side of the vehicle, Mr. Gamble immediately locked the doors. The defendant apparently just missed opening the passenger's side door. Having failed to do so, he put the gun through the window, touching it to Ms. Gamble's temple as he demanded the victims' property and threatened to kill Ms. Gamble. Ms. Gamble dove to the floor, and Mr. Gamble drove off, dragging the defendant some short distance. Although neither victim was able to make a positive identification from a photographic lineup, Detective Robert Hanson testified that two separate fingerprints belonging to the defendant were pulled from the vehicle's window immediately following the crimes, one from the outside of the car and one from inside the window. Both victims testified that the crimes had affected their sense of security and peace. The defendant, while he did not testify regarding the crimes, had apparently given a version of events in which he claimed to have previously sold drugs to Mr. Gamble. The defendant also testified that he had his family's support, that his employer was willing to rehire him, that he had completed certain programs while in prison, and that he needed and desired help with his drug addiction.

The trial court stated on the record that the crime was a "seriously dangerous offense[]" and that the victims were fortunate to have escaped. The trial court announced that it did not intend to depreciate the seriousness of the offense. While the presentencing report is not part of the record, the trial court found that "beginning when he was a juvenile[,] he had issues over and over, got suspended multiple times in school for fighting, cutting class, and so forth and so on." The trial court noted on the record that the defendant was charged with theft as a juvenile and violated his probation; the trial court then listed the defendant's adult criminal history, which included theft, two aggravated robberies, aggravated burglary, and reckless endangerment with a deadly weapon. The trial court denied probation or any alternative sentence. The defendant appeals.

## ANALYSIS

Initially, the State argues that the defendant has waived review by failing to present legal argument or citation to authorities. *See* Tenn. Ct. Crim. App. R. 10(b). However, we choose to address the issue and conclude that the trial court did not abuse its discretion in refusing to impose an alternative sentence.

Although Tennessee Code Annotated section 40-35-401(d) (2010) states that an appellate court reviewing the length, range or the manner of service shall conduct a de novo review on the record with a presumption of correctness, the Tennessee Supreme Court concluded that this standard of review was in essence abrogated by the 2005 amendments to the Sentencing Act, and the court applied an abuse of discretion standard of review with a presumption of reasonableness. *State v. Bise*, 380 S.W.3d 682, 707 (Tenn. 2012). In *State v. Caudle*, the court, noting that the legislature had also removed language creating a presumption in favor of alternative sentencing for certain candidates and had explicitly made the provisions of Tennessee Code Annotated section 40-35-102(6) advisory, applied the same standard of review to a trial court's decision to deny alternative sentencing. *State v. Caudle*, 388 S.W.3d 273, 278-79 (Tenn. 2012) ("[W]e now explicitly hold that the abuse of discretion standard, accompanied by a presumption of reasonableness, applies to within-range sentences that reflect a decision based upon the purposes and principles of sentencing, including the questions related to probation or any other alternative sentence."); *see also State v. Carter*, 254 S.W.3d 335, 347 (Tenn. 2008) (noting that no defendant is now entitled to a presumption that he or she is a favorable candidate for probation). Generally, "[a] trial court abuses its discretion when it applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party." *State v. Phelps*, 329 S.W.3d 436, 443 (Tenn. 2010).

Tennessee Code Annotated section 40-35-104 authorizes alternative sentences, which may include a sentence of confinement that is suspended upon a term of probation or a sentence of continuous or periodic confinement in conjunction with a term of probation. T.C.A. § 40-35-104(c)(3), (4), (5). A defendant is eligible for probation if the sentence imposed is ten years or fewer. T.C.A. § 40-35-303(a). However, certain enumerated crimes, including aggravated robbery, exclude the defendant from eligibility. *Id.* Although "probation shall be automatically considered by the court as a sentencing alternative for eligible defendants," the defendant bears the burden of "establishing suitability" for probation. T.C.A. § 40-35-303(b). "This burden includes demonstrating that probation will 'subserve the ends of justice and the best interest of both the public and the defendant.'" *Carter*, 254 S.W.3d at 347 (quoting *State v. Housewright*, 982 S.W.2d 354, 357 (Tenn. Crim. App. 1997)).

A defendant who is sentenced as an especially mitigated or standard offender and who has committed a Class C, D or E felony should be "considered as a favorable candidate for alternative sentencing options" if two conditions are met: (1) the defendant has not committed the most severe offenses, does not possess a criminal history evincing a clear disregard for the laws and morals of society, and does not evince failure of past efforts at rehabilitation; and (2) if there is no evidence "to the contrary." T.C.A. § 40-35-102(5), (6)(A). Evidence of prior convictions is evidence to the contrary, and "a defendant who is being sentenced for a third or subsequent felony conviction involving separate periods of incarceration or supervision shall not be considered a favorable candidate for alternative sentencing." *Id.* § 40-35-102(6)(A). A separate period of incarceration is one in which "the defendant serves and is released or discharged from a period of incarceration or supervision for the commission of a felony prior to committing another felony." *Id.* § 40-35-102(6)(B). The trial court is required to consider but is not bound by subdivision (6). *Id.* § 40-35-102(6)(D).

Tennessee Code Annotated section 40-35-103 requires that sentences involving confinement be based on the following considerations:

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
>
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
>
> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant;

T.C.A. § 40-35-103(1).

The defendant, having been sentenced to less than ten years and having been convicted of attempted, rather than completed, aggravated robbery, is eligible for probation. *See* T.C.A. § 40-35-303(a). However, the defendant begins from the position of not only bearing the burden of establishing his suitability for probation, but also doing so without being considered a favorable candidate for alternative sentencing, as he is not a mitigated or standard but a multiple offender.[1] *See* T.C.A. §§ 40-35-303(b), -102(5). In denying

---

[1]The presentencing report is missing from the record, but the defendant's testimony suggests that
(continued...)

probation, the trial court cited to the defendant's lengthy criminal record, implicitly referencing Tennessee Code Annotated section 40-35-103(1)(A). The trial court also explicitly referenced its desire to avoid depreciating the seriousness of the offenses[2] and to deter similar crimes. The trial court described the crimes as especially violent and dangerous, noting that the defendant actually touched the gun to one victim's head while explicitly threatening to kill her. The defendant has a long history of criminal conduct. The record shows that the trial court considered the purposes and principles of sentencing and other statutory guidelines. We cannot say that the trial court applied incorrect legal standards, reached an illogical conclusion, based its ruling on a clearly erroneous assessment of the proof, or caused the defendant an injustice. Accordingly, the trial court did not abuse its discretion in denying the defendant some form of alternative sentencing.

## CONCLUSION

Because the trial court did not abuse its discretion in denying an alternative sentence, we affirm the judgment of the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE

---

[1](...continued)
three of his felony convictions were served concurrently and not by separate periods of incarceration.

[2]When basing a denial of probation on the necessity of avoiding depreciating the seriousness of the offense, Tennessee courts have been required to determine that "the circumstances of the offense as committed [were] especially violent, horrifying, shocking, reprehensible, offensive or otherwise of an excessive or exaggerated degree," and that the nature of the offense outweighed all factors favoring a sentence other than confinement. *State v. Trotter*, 201 S.W.3d 651, 654 (Tenn. 2006) (quoting *State v. Grissom*, 956 S.W.2d 514, 520 (Tenn. Crim. App. 1997)). Prior to the change in the standard of review of sentencing decisions, the reviewing court then conducted a de novo review upon the record to determine if facts and circumstances in the record supported the decision. *State v. Fields*, 40 S.W.3d 435, 441 (Tenn. 2001). Because the record demonstrates that the trial court did not in any case abuse its discretion, we do not decide whether these considerations remain relevant to the review of a denial of probation based on the necessity to avoid depreciating the seriousness of the offense under Tennessee Code Annotated section 40-35-103(1)(B).