IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 9, 2014

**STATE OF TENNESSEE v. ROBERT ALLEN LESTER, JR.**

**Appeal from the Circuit Court for DeKalb County**
**Nos. 2013-CR-115, 2013-CR-116, 2013-CR-117, 2013-CR-118, 2013-CR-119, 2013-**
**CR-120, 2013-CR-121, 2013-CR-122, 2013-CR-123, 2013-CR-124, 2013-CR-125,**
**2013-CR-126, 2013-CR-127, 2013-CR-128**
**David A. Patterson, Judge**

_____

**No. M2014-00225-CCA-R3-CD - Filed October 31, 2014**

_____

Defendant, Robert Allen Lester, Jr., was indicted by the Dekalb County Grand Jury in fourteen separate cases for thirteen counts of burglary of a motor vehicle, one count of aggravated burglary, four counts of burglary, eleven counts of theft of property valued under $500, one count of theft of property valued over $500, and six counts of theft of property valued over $1,000. Subsequently, Defendant entered into negotiated guilty pleas to eleven counts of burglary of a motor vehicle, one count of aggravated burglary, and two counts of burglary. The plea agreement called for an effective sentence of eight years, the manner of service of the sentence to be determined by the trial court at a sentencing hearing. At the hearing, the trial court denied alternative sentencing and ordered Defendant to serve the sentence in incarceration. He appeals, challenging the denial of an alternative sentence. After our review of the record and applicable authorities, we determine that the judgment form in Case Number 2013-CR-127 should be corrected to reflect a conviction and sentence for burglary rather than auto burglary. Further, the matter is remanded to the trial court to resolve inconsistencies between the plea provisions and the corresponding judgments in order to yield an effective eight-year sentence and to correct any other clerical errors which may exist. We determine that the trial court did not abuse its discretion in denying an alternative sentence to Defendant due to his extensive criminal history, because measures less restrictive had been applied to Defendant in the past, and in order to avoid depreciating the seriousness of the offenses. Accordingly, the matter is affirmed in part and remanded in part.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed in**
**part and Remanded in part.**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and D. KELLY THOMAS, JR., JJ., joined.

David Brady, Public Defender; and Allison Rasbury West, Assistant Public Defender; Cookeville, Tennessee, for the appellant, Robert Allen Lester, Jr.

Robert E. Cooper, Jr., Attorney General and Reporter; Clark B. Thornton, Assistant Attorney General; Randy York, District Attorney General; and Greg Strong, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Factual Background*

Defendant was indicted in July of 2013 by the Dekalb County Grand Jury in fourteen separate cases as follows:[1]

| Case Number | Indicted Offense |
| --- | --- |
| Case No. 2013-CR-115 | one count of auto burglary<br>one count of theft of property valued under $500 |
| Case No. 2013-CR-116 | one count of auto burglary<br>one count of theft of property valued under $500 |
| Case No. 2013-CR-117 | one count of auto burglary<br>one count of theft of property valued over $1,000 |
| Case No. 2013-CR-118 | one count of burglary<br>one count of theft of property valued over $500 |

---

[1]Due to the sheer number of cases and corresponding indictments, we have found it necessary to organize the charges and convictions in table format. Additionally, the cover sheet for Case Number 2013-CR-128 indicates that the individual counts in the indictment were for two counts of auto burglary, one count of theft of property valued over $1,000, and one count of theft of property valued over $500. The text of the individual counts, however, reveal Defendant was indicted for two counts of auto burglary and two counts of theft of property valued over $1,000.

| | |
|---|---|
| Case No. 2013-CR-119 | one count of aggravated burglary<br>one count of theft of property valued over $1,000 |
| Case No. 2013-CR-120 | one count of auto burglary<br>one count of theft of property valued under $500 |
| Case No. 2013-CR-121 | one count of auto burglary<br>one count of theft of property valued under $500 |
| Case No. 2013-CR-122 | one count of auto burglary<br>one count of theft of property valued under $500 |
| Case No. 2013-CR-123 | one count of auto burglary<br>one count of theft of property valued over $1,000 |
| Case No. 2013-CR-124 | one count of auto burglary<br>one count of theft of property valued under $500 |
| Case No. 2013-CR-125 | one count of auto burglary<br>one count of burglary<br>one count of theft or property valued over $1,000<br>one count of theft of property valued under $500 |
| Case No. 2013-CR-126 | two counts of auto burglary<br>one count of burglary<br>three counts of theft of property valued under $500 |
| Case No. 2013-CR-127 | one count of burglary<br>one count of theft of property valued under $500 |
| Case No. 2013-CR-128 | two counts of auto burglary<br>two counts of theft of property valued over $1,000 |

The charges stemmed from various incidents in Dekalb County. From the sentencing hearing, we gleaned that in one instance, Defendant was caught in the act by Janice Ward as he attempted to steal two cases of Mountain Dew from the deck of her home. She later discovered that both her garage and car were burglarized. Additionally, Defendant broke into the home of Sharon Turner, stealing rings given to her by her deceased husband. Both

victims felt unsafe in their own homes as long as one year after the incidents.

After the indictments were issued in each case, Defendant entered into a negotiated plea agreement, pleading as a standard Range I offender to fourteen felonies, specifying the length of sentence for each offense and the total effective sentence. The manner of service of the sentence was to be determined by the trial court at a sentencing hearing. The record does not contain the transcript of the plea hearing but contains plea submission forms indicating Defendant was to receive an effective eight-year sentence with the following individual case dispositions:

| Case Number | Plea Offense | Sentence | Alignment |
|---|---|---|---|
| Case No. 2013-CR-115 | Auto burglary | 1 year | concurrent with -127 |
| Case No. 2013-CR-116 | Auto burglary | 1 year | concurrent with -127 |
| Case No. 2013-CR-117 | Auto burglary | 1 year | concurrent with -127 |
| Case No. 2013-CR-118 | Burglary | 2 years | consecutive to -119, -126, -127 |
| Case No. 2013-CR-119 | Aggravated burglary | 3 years | consecutive to -118, -126, -127 |
| Case No. 2013-CR-120 | Auto burglary | 1 year | concurrent with -127 |
| Case No. 2013-CR-121 | Auto burglary | 1 year | concurrent with -127 |
| Case No. 2013-CR-122 | Auto burglary | 1 year | concurrent with -127 |
| Case No. 2013-CR-123 | Auto burglary | 1 year | concurrent with -127 |
| Case No. 2013-CR-124 | Auto burglary | 1 year | concurrent with -127 |
| Case No. 2013-CR-125 | Auto burglary | 1 year | concurrent with -127 |
| Case No. 2013-CR-126 | Burglary | 2 years | consecutive to -118, -119, -127 |
| Case No. 2013-CR-127 | Auto burglary | 1 year | consecutive to -118, -119, -126 |
| Case No. 2013-CR-128 | Auto burglary | 1 year | consecutive to -118, -119, -126; concurrent to -127 |

At the sentencing hearing, the State informed the trial court that "the agreement that the State entered into with [Defendant] was that he would plead guilty and take an eight-year sentence and that we would have the sentencing hearing . . . to determine how that sentence was to be served." The remaining counts of the indictments were dismissed upon payment of restitution to the victims.

After hearing testimony from several of the victims, as well as testimony from Defendant's prior employer and mother, Defendant read a statement of regret about his involvement in the crimes. At the conclusion of the hearing, the trial court acknowledged Defendant's work history and ability to keep his job should he receive a sentence of probation. The trial court expressed concern over the "indication" that Defendant had a

"drug related [sic] past" but considered the fact that Defendant had a "year of sobriety while he [sat] in the jail." The trial court was greatly concerned by the fact that Defendant was not "a first time offender" and, in fact, pled to multiple offenses. As a result, the trial court deemed Defendant unlikely to "improve his behaviors." The trial court determined that confinement was necessary in order to avoid depreciating the seriousness of the offenses, that Defendant had a "long criminal history," and that a sentence of incarceration would provide an effective deterrence to others likely to commit similar offenses. As a result, the trial court determined Defendant would "serve" an eight-year sentence. The judgment forms reflect the following:

| Case Number | Judgment Offense | Sentence | Alignment |
|---|---|---|---|
| Case No. 2013-CR-115 | Auto burglary | 1 year | concurrent with -116, -117, and -119 through -124 |
| Case No. 2013-CR-116 | Auto burglary | 1 year | concurrent with -115, -117, and -119 through -124 |
| Case No. 2013-CR-117 | Auto burglary | 1 year | concurrent with -115, -116, and -119 through -124 |
| Case No. 2013-CR-118 | Burglary | 2 years | consecutive to -115 through -117 , and -119 through -124 |
| Case No. 2013-CR-119 | Aggravated burglary | 3 years | concurrent with -115 through -117 and -120 through -124 |
| Case No. 2013-CR-120 | Auto burglary | 1 year | concurrent with -115 through -117 and -119 through -124 |
| Case No. 2013-CR-121 | Auto burglary | 1 year | concurrent with -115 through -117, and -119 through -124 |
| Case No. 2013-CR-122 | Auto burglary | 1 year | concurrent with -115 through -117, and -119 through -124 |
| Case No. 2013-CR-123 | Auto burglary | 1 year | concurrent with -115 through -117, and -119 through -124 |
| Case No. 2013-CR-124 | Auto burglary | 1 year | concurrent with -115, -116, -117, -119 through -124 |
| Case No. 2013-CR-125 | Auto burglary | 1 year | consecutive to -118 |
| Case No. 2013-CR-126 | Burglary | 2 years | consecutive to -125 |
| Case No. 2013-CR-127 | Burglary | 1 year | consecutive to -126 |
| Case No. 2013-CR-128 | Auto burglary | 1 year | consecutive to -127 |

The remaining counts of the indictments were dismissed.

Defendant appeals, challenging the denial of an alternative sentence.

*Analysis*

On appeal, Defendant insists that the trial court improperly denied alternative sentencing. Specifically, he argues that confinement was not necessary to protect society because Defendant had not been convicted of a misdemeanor since 2008 and had successfully completed probation in the past. Additionally, Defendant points to the fact that he expressed remorse for his actions and acknowledges that he made bad choices because he had a "serious" drug problem. The State, on the other hand, argues that Defendant has waived the issues on appeal for failure to include the transcript from the guilty plea hearing. In the alternative, the State submits that the sentences should be affirmed upon correction of several errors on the judgment forms.

*Length of Sentence*

Prior to reviewing the denial of an alternative sentence, we note that there is at least one clerical error on the judgment form for Case Number 2013-CR-127 which requires a remand for correction. The plea submission forms and the transcript of the sentencing hearing indicate that Defendant pled guilty in Case Number 2013-CR-127 to a one-year sentence for auto burglary. Defendant was indicted in Case Number 2013-CR-127 for the class D felony of burglarizing the non-habitation of Keith Farler. The judgment form indicates that Defendant did in fact plead guilty to burglary in Case Number 2013-CR-127 in exchange for a one-year sentence, a sentence out of range for a class D felony such as burglary.

After reviewing the record, it is clear that the trial court marking burglary rather than auto burglary in Case Number 2013-CR-127 is merely a clerical error because the trial court at the sentencing hearing stated that the sentence imposed in Case Number 2013-CR-127 was one year for auto burglary. Pursuant to Rule 36 of the Tennessee Rules of Criminal Procedure, "the court may at any time correct clerical mistakes in judgments." Tenn. R. Crim. P. 36. Therefore, we remand this case to the trial court for entry of a corrected judgment reflecting Defendant's one-year sentence in Case Number 2013-CR-127 for the conviction of auto burglary.

As noted in the charts above, on the plea submission forms, the sentences were reflected as follows: Case Numbers 2013-CR-115 through -117 were ordered to be served concurrently with Case Number 2013-CR-127; Case Number 2013-CR-118 was ordered to be served consecutively to Case Numbers 2013-CR-119, -126, and -127; Case Numbers 2013-CR-120 through -125 were ordered to be served concurrently with Case Number 2013-CR-127; Case Number 2013-CR-127 was ordered to be served consecutively to Case

Numbers 2013-CR-118, -119, and -126; and Case Number 2013-CR-128 was ordered to be served consecutively to Case Numbers 2013-CR-118, -119, and -126, and concurrently with Case Number 2013-CR-127. At the sentencing hearing, however, the trial court announced that Defendant was receiving an effective sentence of eight years, ordering the one-year sentences in Case Numbers 2013-CR-115 through -117, -122 through -125, and -128 to be served concurrently; the two-year sentence in Case Number 2013-CR-118 to be served consecutively; the two-year sentence in Case Number 2013-CR-126 to be served consecutively; and the one-year sentence in Case Number 2013-CR-127 to be served consecutively. The sentences from both the plea submission forms and the judgments both result in an effective eight-year sentence even though the manner of service of the sentence is different. Additionally, the trial court did not announce a sentence for aggravated burglary in Case Number 2013-CR-119 or for auto burglary in Case Numbers 2013-CR-120, and -121 at the sentencing hearing. Further, the trial court did not discuss whether those sentences were to be served concurrently or consecutively to the remaining sentences. It is clear, however, from all the of the information before this Court on appeal, that the parties and the trial court intended an effective eight-year sentence. On remand, the trial court shall amend the judgments as necessary to reflect the plea agreement and to yield an effective sentence of eight years.

*Denial of Alternative Sentencing*

A trial court's decision regarding the length and manner of service of a sentence is reviewed for abuse of discretion, with a presumption of reasonableness granted to within-range sentences reflecting a proper application of the purposes and principles of the Sentencing Act. *State v. Bise*, 380 S.W.3d 682, 707 (Tenn. 2012). Under *Bise*, "sentences should be upheld so long as the statutory purposes and principles, along with any applicable enhancement and mitigating factors, have been properly addressed." *Id.* at 706. A sentence within the appropriate range will be upheld so long as "there are other reasons consistent with the purposes and principles of sentencing." *Id.* The Tennessee Supreme Court explicitly applied the abuse of discretion standard of review in *Bise* to alternative sentencing in *Caudle.* 388 S.W.3d at 278-79 ("[T]he abuse of discretion standard, accompanied by a presumption of reasonableness, applies to within-range sentences that reflect a decision based upon the purposes and principles of sentencing, including the questions related to probation or any other alternative sentence.").

In conducting its review, this Court considers the following factors: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on enhancement and mitigating factors; (6) any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in

Tennessee; (7) any statement by the appellant in his own behalf; and (8) the potential for rehabilitation or treatment. *See* T.C.A. §§ 40-35-102, -103, -210; *see also Bise*, 380 S.W.3d at 697-98. The burden is on the appellant to demonstrate the impropriety of his sentence. *See* T.C.A. § 40-35-401, *Sentencing Comm'n Cmts*.

Tennessee Code Annotated section 40-35-104 authorizes alternative sentences, which may include a sentence of confinement that is suspended upon a term of probation or a sentence of continuous or periodic confinement in conjunction with a term of probation. T.C.A. § 40-35-104(c)(3), (4), (5). A defendant is eligible for probation if the sentence imposed is ten years or less. T.C.A. § 40-35-303(a). Although "probation shall be automatically considered by the court as a sentencing alternative for eligible defendants," the defendant bears the burden of "establishing suitability" for probation. T.C.A. § 40-35-303(b). "This burden includes demonstrating that probation will 'subserve the ends of justice and the best interest of both the public and the defendant.'" *State v. Carter*, 254 S.W.3d 335, 347 (Tenn. 2008) (quoting *State v. Housewright*, 982 S.W.2d 354, 357 (Tenn. Crim. App. 1997)).

A defendant who is sentenced as an especially mitigated or standard offender and who has committed a Class C, D, or E felony should be "considered as a favorable candidate for alternative sentencing options" if certain conditions are met. T.C.A. § 40-35-102(5), (6)(A). The guideline regarding favorable candidates is advisory. T.C.A. § 40-35-102(6)(D). In this case, Defendant was convicted of Class C, D, and E felonies and was sentenced to an effective sentence of ten years or less. Therefore he was a favorable candidate for alternative sentencing.

Tennessee Code Annotated section 40-35-103 requires that sentences involving confinement be based on the following considerations:

(A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant;

T.C.A. § 40-35-103(1).

In *State v. Hooper*, the court held "that a trial judge may sentence a defendant to a term of incarceration based solely on a need for deterrence when the record contains evidence which would enable a reasonable person to conclude that (1) deterrence is needed in the community, jurisdiction, or state; and (2) the defendant's incarceration may rationally serve as a deterrent to others similarly situated and likely to commit similar crimes." 29 S.W.3d 1, 14 (Tenn. 2000). Similarly, in *State v. Trotter*, the court noted that when "the seriousness of the offense forms the basis for the denial of alternative sentencing, . . . the circumstances of the offense as committed must be especially violent, horrifying, shocking, reprehensible, offensive or otherwise of an excessive or exaggerated degree, and the nature of the offense must outweigh all factors favoring a sentence other than confinement." 201 S.W.3d 651, 654 (Tenn. 2006) (*quoting State v. Grissom*, 956 S.W.2d 514, 520 (Tenn. Crim. App. 1997)). Recently, in *State v. Kyoto Sihapanya*, the Tennessee Supreme Court reviewed a denial of probation based on both a need to avoid depreciating the seriousness of the offense and a need for deterrence considering the nature and circumstances of the offense. ___S.W.3d ___, No. W2012-00716-SC-R11-CD,2014 WL 2466054, at *3 (Tenn. April 30, 2014). The court held that "the heightened standard of review [announced in *Hooper*] that applies to cases in which the trial court denies probation based on only one of these factors is inapplicable in this case." *Id.* In other words, under *Hooper* and *Trotter*, if only one factor found in Tennessee Code Annotated section 40-35-103(1) is utilized by the trial court, the trial court must make additional findings. If, however, the trial court bases the denial of alternative sentencing on more than one factor, we review the denial to determine if the trial court abused its discretion. *State v. Kyoto Sihapanya*, 2014 WL 2466054, at *3.

The trial court in this case relied on subsections (A), (B), and (C) of Tennessee Code Annotated section 40-35-103(1). In ordering Defendant to serve his sentence in incarceration, the trial court specifically noted Defendant's criminal history in addition to the fourteen separate cases at issue, the fact that Defendant was previously sentenced to probation, and the need for deterrence. The trial court herein acted consistently with the purposes and principles of the Sentencing Act. We conclude that the trial court did not abuse its discretion in denying alternative sentencing.

*Conclusion*

For the foregoing reasons, we determine that the judgment form in Case Number 2013-CR-127 should be corrected to reflect a conviction for auto burglary rather than burglary. Additionally, because the record contains inconsistent between the plea submission forms and the corresponding judgments, the matter is remanded to the trial court to determine the proper length and service of the sentence for each remaining conviction in order to yield the effective eight-year sentence and to correct any clerical errors which may exist. *See* Tenn. R. Crim. P. 36. Finally, we determine the trial court did not abuse its discretion in

-9-

denying an alternative sentence.  Consequently, the matter is affirmed in part and remanded in part.

_____
TIMOTHY L. EASTER, JUDGE