
IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs December 20, 2016

**STATE OF TENNESSEE v. GARY ALLEN TAYLOR**

**Appeal from the Criminal Court for Sullivan County**
**No. S64891, S64892        James F. Goodwin, Judge**

_____

**No. E2016-00977-CCA-R3-CD**

_____

The Defendant, Gary Allen Taylor, entered a guilty plea to aggravated assault, being a felon in possession of a firearm, and failure to appear in court, with sentencing to be determined by the trial court. At the sentencing hearing, the trial court found that the Defendant was a Range I standard offender and imposed a three-year prison sentence. The Defendant appeals the trial court's denial of alternative sentencing. We conclude that the trial court did not err in sentencing the Defendant to a term of imprisonment. Accordingly, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and JAMES CURWOOD WITT, JR., J., joined.

Ashley Boyer, Blountville, Tennessee, for the appellant, Gary Allen Taylor.

Herbert H. Slatery III, Attorney General and Reporter; Katherine C. Redding, Assistant Attorney General; Barry P. Staubus, District Attorney General; and Lewis Combs, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTUAL AND PROCEDURAL HISTORY**

The Defendant pled guilty to aggravated assault involving the use of a deadly weapon, a Class C felony, being a felon in possession of a firearm, a Class C felony, and

failure to appear while released from custody, a Class E felony. T.C.A. § 39-13-102(a)(1)(A)(iii), (e)(1)(A)(ii); *id.* § 39-16-609(a)(4), (e); *id.* § 39-17-1307(b)(1)(A), (b)(2). Although the record does not include a copy of the guilty plea submission hearing transcript, the record includes copies of the indictments and the affidavits of complaint. We conclude that the record provides us with a sufficient factual basis to conduct a meaningful review of the trial court's judgments.[1] The victim's statement to the police is as follows:

> I was mowing the yard and went inside to use the bathroom. I heard a knock at the front door. My buddy Aaron Gross was at the door and the male on the lawn mower[, the Defendant] was yelling at Aaron. I told the man on the lawn mower that Aaron didn't live here so if you have problems with him take it down the road. The male said he would be back in ten minutes and left. He came back approximately 10 minutes later and stopped in front of my mail box and said "you don't own the road, just say something smart." That's when I walked out into the yard. He started moving the lawn mower and he got off of it several times and it kept moving. He finally got it stopped and I saw the barrel of a gun sticking out of a sweatshirt in the trailer he was pulling. I put my foot on the gun and told him to go on over the hill. He then lunged at me and I shoved him back. That's when he grabbed a stick out of the trailer and swung it at me. I then slammed him to the ground.
>
> I grabbed the gun out of the wagon and started walking in the yard and dropped the gun beside the fence. He was telling me I didn't own the road and to give him his shit back. I told him "No, he couldn't get it back" and to "go on over the hill." He jumped on the mower and took off and dropped his beer and beer holder and ran it over. The neighbor came over and picked up the gun and stuck it in his truck.

One of the arresting police officers gave the following statement in his affidavit of complaint:

> On 03/31/2015 at 1905 hours Officer Graham, Officer Newman, Sgt. Brown and I, Officer Dillard responded to 300 Oak Road in reference to an intoxicated male riding a lawn mower up and down the road pulling a

---

[1] *State v. Caudle*, 388 S.W.3d 273, 279 (Tenn. 2012) ("We [] hold that when a record does not include a transcript of the hearing on a guilty plea, the Court of Criminal Appeals should determine on a case-by-case basis whether the record is sufficient for a meaningful review under the standard adopted in [*State v. Bise*, 380 S.W.3d 682 (Tenn. 2012)].")

trailer full of wood. Officer Graham arrived on scene and spoke to a witness who said "He had the gun in the truck." Officer Graham asked him how the weapon came into play and he said "We took the gun away from him" and "The guy on the mower had the Rifle."

The witnesses said he lives over the hill in the brown house and he was wearing [a] white shirt. Officers responded to the residence and observed a male subject wearing a white shirt run around the residence and run into a thick wooded area. Officers entered the wooded area and started searching for the male. While searching for the subject I observed the male running through some thick brush at the bottom of the hollow. At that time I yelled "Police, Stop" and the male subject turned and looked at me and continued to run. I observed him run across a creek and squat down behind a tree.

Once I made my way through the thick brush and got to the creek I observed the male subject hiding behind a tree. At that time I ordered the subject to show me his hands. The male subject showed me his right hand but refused to show me his left. I ordered him several more times and he eventually complied and showed me both hands. Sgt. Brown and I then crossed the creek and detained the male subject with handcuffs. While detaining him I smelled a strong odor of alcohol coming from his breath and noticed his speech was slurred and his eyes were glassy. Officer Graham transported him back to the scene where the incident with the gun occurred.

The underlying facts related to the failure to appear conviction were provided in the presentence report. "On August 22nd, 2011, Gary Allen Taylor was to appear in General Sessions Court in Bristol, TN to answer for the charges of PI, Possession of Drug Paraphernalia and Simple Possession in case #B0006298. According to court records, the Defendant did not appear."

At the sentencing hearing, the Defendant testified that he was first convicted of a felony thirty-one years before the hearing. He conceded that he had "been in and out of trouble" and "had some misdemeanor charges." He stated that he suffers from epilepsy, which he has had since he was a teenager, and has a brain tumor. The Defendant testified that he was taking Dilantin and amoxicillin at the time of the sentencing hearing. He stated that his "memory is not like it used to be." He testified that although he was not financially capable, he wanted to move from his neighborhood where the assault took place. The Defendant explained that although there was "only one way in and one way out" of the neighborhood, he did his "best to avoid [the victim] at all costs" because he

-3-

did not want "trouble." He testified that on two occasions after the assault, the victim threatened and cursed him. He stated that he did not file a police report because he did not "want any trouble." The Defendant testified that he mowed five lawns as his employment. The Defendant stated that he deserved probation, that he could pass a drug test, that he did not associate with "thugs," and that he did not "go looking for trouble."

Ms. Mildred Jones testified as a character witness for the Defendant. She explained that she had known the Defendant for about eighteen years and that the Defendant had a reputation as a "real good person." She explained that she thought the Defendant was capable of completing probation, that she was "a support system" for the Defendant, and that she was "willing to help him through" probation.

On cross-examination, Ms. Jones testified that although the Defendant had "hundreds of convictions for various offenses," she believed that the Defendant was a "good person" and that she had "no problems with him."

The trial court found that the Defendant's prior criminal record was of most concern. The trial court stated that a lot of the Defendant's prior criminal record contained offenses that were dismissed and his dismissed offenses would not be considered for its sentencing determination. The trial court found that the Defendant's prior criminal record contained convictions or charges from thirteen states. The trial court noted that although the presentence report said that the Defendant did not start drinking alcohol until the age of thirty-five, the Defendant's criminal behavior took place before and after his initial alcohol use. The trial court also found that the Defendant had two outstanding warrants for his arrest in Iowa for driving while under the influence of alcohol and a violation of probation on his record. After considering all the relevant information, the trial court found that the Defendant had a "substantial prior record" and that "supervision [had] been tried multiple times in the past unsuccessfully." The trial court concluded that neither community corrections nor probation would be appropriate for the Defendant. The trial court sentenced the Defendant to three years in prison as a Range I standard offender.

## ANALYSIS

The Defendant challenges the trial court's denial of alternative sentencing. He contends that because he was a favorable candidate for alternative sentencing, the trial court abused its discretion by sentencing the Defendant to confinement.

A trial court's decision regarding the length and manner of service of a sentence is reviewed for abuse of discretion, with a presumption of reasonableness granted to within-range sentences reflecting a proper application of the purposes and principles of the

Sentencing Act. *State v. Bise*, 380 S.W.3d 682, 707 (Tenn. 2012). Under *Bise,* "sentences should be upheld so long as the statutory purposes and principles, along with any applicable enhancement and mitigating factors, have been properly addressed." *Id*. at 706. A sentence within the appropriate range will be upheld so long as "there are other reasons consistent with the purposes and principles of sentencing." *Id.*

Tennessee Code Annotated section 40-35-104 authorizes alternative sentences, which may include a sentence of confinement that is suspended upon a term of probation or a sentence of continuous or periodic confinement in conjunction with a term of probation. T.C.A. § 40-35-104(c)(3), (4), (5). A defendant is eligible for probation if the sentence imposed is ten years or fewer. T.C.A. § 40-35-303(a). Although "probation shall be automatically considered by the court as a sentencing alternative for eligible defendants," the defendant bears the burden of "establishing suitability" for probation. T.C.A. § 40-35-303(b). "This burden includes demonstrating that probation will 'subserve the ends of justice and the best interest of both the public and the defendant.'" *State v. Carter*, 254 S.W.3d 335, 347 (Tenn. 2008) (quoting *State v. Housewright*, 982 S.W.2d 354, 357 (Tenn. Crim. App. 1997)). The Tennessee Supreme Court explicitly applied the abuse of discretion standard of review in *Bise* to alternative sentencing in *State v. Caudle*, 388 S.W.3d 273, 278-79 (Tenn. 2012) ("[T]he abuse of discretion standard, accompanied by a presumption of reasonableness, applies to within-range sentences that reflect a decision based upon the purposes and principles of sentencing, including the questions related to probation or any other alternative sentence.").

A defendant who is sentenced as an especially mitigated or standard offender and who has committed a Class C, D, or E felony should be "considered as a favorable candidate for alternative sentencing options," if certain conditions are met. T.C.A. § 40-35-102(5), (6)(A). The guideline regarding favorable candidates is advisory. T.C.A. § 40-35-102(6)(D).

Tennessee Code Annotated section 40-35-103 requires that sentences involving confinement be based on the following considerations:

(A) Confinement is necessary to protect society by restraining a Defendant who has a long history of criminal conduct;

(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the Defendant;

T.C.A. § 40-35-103(1).  In *State v. Robert Allen Lester, Jr.*, this court held that

> if only one factor found in Tennessee Code Annotated section 40-35-103(1) is utilized by the trial court, the trial court must make additional findings. If, however, the trial court bases the denial of alternative sentencing on more than one factor, we review the denial to determine if the trial court abused its discretion.

*State v. Robert Allen Lester, Jr.*, No. M2014-00225-CCA-R3CD, 2014 WL 5501236, at *5 (Tenn. Crim. App. Oct. 31, 2014), *perm. app. denied* (Feb. 13, 2015) (citing *State v. Trotter*, 201 S.W.3d 651, 654 (Tenn. 2006); *State v. Hooper*, 29 S.W.3d 1, 14 (Tenn. 2000); *State v. Kyoto Sihapanya*, No. W2012-00716-SC-R11-CD, 2014 WL 2466054, at *3 (Tenn. April 30, 2014).

Although the Defendant's standard offender status and Class C and E felony conviction classifications made him "a favorable candidate for alternative sentencing options," the trial court carefully considered the Defendant's prior criminal history and his prior probationary sentences and reasoned that the Defendant was not a good candidate for alternative sentencing.  *See* T.C.A. § 40-35-102.

The trial court primarily based its determination that the Defendant should be confined on his prior criminal record.  *Id*. § 40-35-103(1)(A).  The trial court concluded that the Defendant's record was "substantial," including that his criminal activity spanned thirteen states and started before he began drinking alcohol.  The trial court reviewed the Defendant's presentence report, finding that the Defendant had outstanding warrants and a wide variety of prior convictions.  The trial court also based its decision to incarcerate the Defendant on his problematic history with probation and parole, noting a prior violation of probation charge against the Defendant that was dismissed because the Defendant was "unable to be located."  *See* T.C.A. § 40-35-103(1)(C).  This evidence supports the trial court's finding that confinement was necessary because (1) the Defendant's substantial criminal record and (2) measures less restrictive than confinement have not been successful when applied to the Defendant.

The trial court determined that the Defendant's prior criminal history and prior problems while serving sentences on probation justified its decision to imprison the Defendant and deny alternative sentencing.  T.C.A. § 40-35-103(1)(A), (1)(C).  Upon review, we conclude that the trial court did not abuse its discretion in denying the Defendant's request for an alternative sentence and imposing a sentence of confinement.

## CONCLUSION

For the foregoing reasons, the judgments of the trial court are affirmed.

_____

JOHN EVERETT WILLIAMS, JUDGE