IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 17, 2017

**STATE OF TENNESSEE v. ERIC TODD WHITAKER, JR.**

**Appeal from the Circuit Court for Williamson County**
No. I-CR048746    Joseph A. Woodruff, Judge

**No. M2017-00143-CCA-R3-CD**

The Defendant, Eric Todd Whitaker, Jr., entered nolo contendere pleas to aggravated burglary, a Class C felony, and theft of property valued at $1,000 or more but less than $10,000, a Class D felony. *See* T.C.A. §§ 39-14-403 (2014) (aggravated burglary), 39-14-103 (2014) (theft of property). The trial court sentenced the Defendant to concurrent terms of four years and six months for aggravated burglary and four years for theft of property. On appeal, the Defendant contends that the trial court erred during sentencing. We affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., and TIMOTHY L. EASTER, JJ., joined.

Vanessa Pettigrew Bryan, District Public Defender; and J. Gregory Burlison, Assistant District Public Defender, for the appellant, Eric Todd Whitaker, Jr.

Herbert H. Slatery III, Attorney General and Reporter; Alexander C. Vey, Assistant Attorney General; Kim R. Helper, District Attorney General; and Tammy J. Rettig, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The Defendant was indicted for one count of aggravated burglary and one count of theft of property valued at $1,000 or more but less than $10,000. The Defendant entered nolo contendere pleas on September 29, 2016, and the plea agreement provided that the Defendant would be sentenced as a Range I, standard offender with the length and the manner of service to be determined by the trial court. The guilty plea hearing transcript

is not included in the appellate record.  A sentencing hearing was held on December 16, 2016.

At the hearing, the presentence report was received as an exhibit and reflected that the Defendant had previous convictions for attempted aggravated burglary and thirteen misdemeanors.  The Defendant was sentenced to two years' probation for attempted the aggravated burglary, and the report reflected that the Defendant had four probation violations.  The report reflected that the Defendant pleaded guilty to evading arrest, burglary, and two counts of aggravated burglary after the current offenses were committed.

The presentence report reflected that the Defendant was age thirty, had three children, had graduated from high school, and had previously attended ITT Tech and Middle Tennessee State University.  The Defendant reported alcohol use beginning at age twenty-five, but he no longer used alcohol.  He reported no drug use.

The victim testified that his home was burglarized by the Defendant on April 10, 2014.  The victim said that his daughter went home after school and that his daughter called him to report all of the drawers and doors were open in the home, the lights were on, and a window was broken.  The victim said that he told his daughter to leave the home and that he called the police.  The victim stated that when he arrived home, a neighbor told the victim he had witnessed a burglar carrying the victim's safe from the home and driving away in a gray Altima.

The victim testified that his wife's heirloom jewelry and silver, a safe, and his youngest daughter's cell phone were stolen.  The victim testified that he tracked his daughter's cell phone through a location tracker application and that the police found it in an Altima.  The victim said he traveled to Williamson County to identify the valuables.

The victim stated that he wanted the Defendant to "pay" for the harm he caused the victim's family and society.  The victim stated that he and his family lived in their dream home when the burglary occurred, that they no longer felt safe, and that they decided to move.

Metropolitan Nashville Police Detective Brian Moore testified that he assisted the Nolensville Police Department in locating a gray Altima in connection with the burglary.  Detective Moore stated that he located the Altima and that a "ping" from a stolen cell phone came from inside the car.  Detective Moore stated that he drove past the Altima and made eye contact with the driver.  Detective Moore said that he stopped his police car, that he approached the Altima by foot, and that the Altima drove into an alley.  Detective Moore stated that he got into his police car and drove around the alley in an attempt to stop the Altima from exiting but that another officer discovered the Altima had

been abandoned. Detective Moore said that he found the Defendant's driver's license, the cell phone, and other stolen property inside the car.

Gallatin Police Officer Ty Wilson testified that he was working on April 18, 2014, and that he stopped a car for an improperly displayed license plate. Officer Wilson stated that he observed a sledgehammer in the backseat of the car between two passengers, one of whom was the Defendant, and noticed all of the passengers were dressed in black. Officer Wilson said that he asked the passengers if the sledgehammer was a "burglary tool" and the passengers said, "No." Officer Wilson stated that he asked the passengers to step out of the car and to provide their names and identifying information. Officer Wilson stated that he ran a search of each passenger's information through the police database.

Officer Wilson testified that the Social Security number the Defendant provided belonged to a female, although the Defendant was male. Officer Wilson stated that he asked the Defendant for his number again, that he ran a search for the number the Defendant provided, and that the Defendant had an active warrant for his arrest. Officer Wilson said that another officer approached the vehicle to arrest the Defendant but that the Defendant ran behind the house. Officer Wilson stated that he and other officers chased the Defendant and that one of the officers shocked the Defendant with a Taser.

Officer Wilson testified that he arrested and searched the Defendant, finding $1,000 cash in the Defendant's coat pocket and three checks addressed to a "bowling league." Officer Wilson said that officers found $400 cash inside the Defendant's pants during a search at the jail. Officer Wilson stated that when the car was impounded, officers found burglary tools and a bag of merchandise belonging to a recently burglarized bowling alley.

The Defendant testified that he was age thirty, that he had graduated from high school, and that he had three children. The Defendant said that his mother raised him and his three siblings. The Defendant stated that his father was a drug addict and was not a father figure during his childhood.

The Defendant testified that his previous attempted aggravated burglary conviction was a result of his difficulty in providing for his three children. The Defendant stated that he was sentenced to two years' probation and that he violated his probation after failing to appear on a driver's license charge. The Defendant said that he violated probation again after being convicted of drug possession, for which he served seven months in jail. The Defendant testified that he did not have drug or alcohol issues and that the drugs relative to his conviction belonged to his cousin. The Defendant testified that he was still serving his attempted aggravated burglary sentence on probation at the time he committed the current offenses.

-3-

The Defendant testified that he was working as a landscaper on April 10, 2014. He stated that after work, a friend contacted him to see if he would be interested in buying old computers and televisions. The Defendant said that he would frequently fix computers as a side job and that he sold them to stores for money. The Defendant stated that he met "a man" with a bag of electronics, that he bought it, and that he placed the bag inside his car. The Defendant said that he drove to the probation office to "check-in" and that after he left, he was stopped by a police officer. The Defendant testified that he left the car and walked to his grandfather's house.

The Defendant testified that he knew the electronics were stolen and that he did not examine the items, but that he recalled seeing an iPad and a MacBook inside. The Defendant stated that he did not go to the victim's home on the day of the burglary but agreed that the items found in his car matched the stolen items' descriptions. The Defendant testified that he was scared when he was stopped by the police, that he ran, and that he left the stolen items in the car.

The Defendant testified that he was arrested on April 18, 2014. He stated that he pleaded guilty to the burglary of a bowling alley but that sentencing had been taken under advisement until he was sentenced for the current offenses.

The Defendant testified that he was released from jail in May of 2015 and that he and his children's mother were currently involved in a custody battle. The Defendant stated that he had been granted visitation with his children every other weekend and that he paid child support. The Defendant stated he had started taking college classes and that he aspired to be a public speaker. The Defendant said that the Department of Human Services (DHS) had asked him to speak at Fatherhood Initiative, and a letter from DHS was received as an exhibit.

The Defendant testified that he had been working as a pipefitter in Louisiana for about a year, that he worked full-time, and that he lived in housing provided by his employer. The Defendant said that he believed his legal issues stemmed from his childhood and that he was able to gain perspective through classes available to him while in jail. The Defendant testified that he was remorseful about causing the victim's family fear and that he regretted being in contact with someone who burglarized the victim's home.

The Defendant testified that he was engaged to be married and that he was seeking treatment for depression. The Defendant stated that he had not been charged with any offenses since being released from jail in 2015. The Defendant said that he would not violate probation again because he did not want to lose his job or children.

On cross-examination, the Defendant testified that the money and checks found in his pockets came from the burglary of the bowling alley but that he did not participate in

-4-

the burglary. The Defendant stated that he got into the car after the burglary was completed by the other passengers and that he received money from the burglary.

The Defendant testified that additional homes were burglarized in Davidson County on April 10, 2014, that he had entered no contest guilty pleas to those burglaries, and that he bought only one bag of stolen items. The Defendant said that the Altima belonged to his then-girlfriend and that he ran from officers because he knew his actions were wrong. The Defendant stated that he took responsibility for the offenses because he possessed the stolen items. The Defendant admitted that he had been convicted of evading arrest in 2012 and that he had violated probation.

The trial court considered the evidence from the sentencing hearing, the presentence report, the principles of sentencing, the arguments regarding sentencing alternatives, the nature and characteristics of the criminal conduct, and evidence relative to mitigating and enhancement factors. The court found that mitigating factor (1) applied because no one was in the home during the burglary. *See* T.C.A. § 40-35-113(1) (2014) ("The defendant's criminal conduct neither caused nor threatened serious bodily injury[.]").

The trial court found that enhancement factor (1) applied because the Defendant had a history of criminal behavior. *See id*. § 40-35-114(1) (2014) (amended 2015, 2016, 2017) ("The defendant has a previous history of criminal convictions or criminal behavior, in addition to those necessary to establish the appropriate range[.]"). The court also applied enhancement factor (3) because a family lived in the home. *See id*. § 40-35-114(3) ("The offense involved more than one (1) victim[.]"). The court found that enhancement factor (8) applied because the Defendant failed to comply with conditions of probation. *See id*. § 40-35-114(8) ("The defendant, before trial or sentencing, failed to comply with the conditions of a sentence involving release into the community[.]"). The court applied enhancement factor (13) because the Defendant was on probation when he committed the current offenses. *See id*. § 40-35-114(13)(C) ("At the time the felony was committed . . . the defendant . . . [was] released on probation[.]").

The trial court found that the Defendant had committed the current offenses while on probation and on the same day he visited his probation officer. The court noted that the Defendant had four probation violations and that measures less restrictive than confinement had been unsuccessful. The court noted that the Defendant had the capacity to be rehabilitated but did not take full responsibility for the offenses. The court found that the burglary of the victim's home was a serious offense, that it left a lasting impact on the victim's family, and that sentencing the Defendant to probation would not be an effective deterrent. The court denied alternative sentencing and sentenced the Defendant as a Range I, standard offender to concurrent terms of four years and six months' incarceration for aggravated burglary and four years for theft of property. This appeal followed.

The Defendant contends the court erred in denying alternative sentencing because the court failed to give proper weight to his rehabilitation and because the court placed too much weight on the Defendant's previous failures on probation. The Defendant argues the court erred in failing to apply mitigating factor (4). *Id*. § 40-35-113(4) ("The defendant played a minor role in the commission of the offense[.]"). The State responds that the court did not abuse its discretion. We agree with the State.

The standard of review for questions related to probation or any other alternative sentence is an abuse of discretion with a presumption of reasonableness. *State v. Caudle*, 388 S.W.3d 273, 278-79 (Tenn. 2012); *see State v. Bise*, 380 S.W.3d 682, 708 (Tenn. 2012). Generally, probation is available to a defendant sentenced to ten years or less. T.C.A. § 40-35-303(a) (2014). The burden of establishing suitability for probation rests with a defendant, who must demonstrate that probation will "'subserve the ends of justice and the best interest of both the public and the defendant.'" *State v. Souder*, 105 S.W.3d 602, 607 (Tenn. Crim. App. 2002) (quoting *State v. Dykes*, 803 S.W.2d 250, 259 (Tenn. Crim. App. 1990)); *see* T.C.A. § 40-35-303(b); *State v. Carter*, 254 S.W.3d 335, 347 (Tenn. 2008).

A sentence is based upon "the nature of the offense and the totality of the circumstances," including a defendant's background. *State v. Ashby*, 823 S.W.2d 166, 168 (Tenn. 1991); *see State v. Trotter*, 201 S.W.3d 651, 653 (Tenn. 2006). A trial court is permitted to sentence a defendant who otherwise qualifies for probation or alternative sentencing to incarceration when:

(A) [c]onfinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B) [c]onfinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C) [m]easures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant[.]

T.C.A. § 40-35-103(1)(A)-(C) (2014); *see Trotter*, 201 S.W.3d at 654.

Likewise, a trial court's application of enhancement and mitigating factors is reviewed for an abuse of discretion with "a presumption of reasonableness to within-range sentencing decisions that reflect a proper application of the purposes and principles of our Sentencing Act." *Bise*, 380 S.W.3d at 706-07. "[A] trial court's misapplication of an enhancement or mitigating factor does not invalidate the sentence imposed unless the trial court wholly departed from the 1989 Act, as amended in 2005." *Id*. at 706. "So long as there are other reasons consistent with the purposes and principles of sentencing, as

provided by statute, a sentence imposed . . . within the appropriate range" will be upheld on appeal. *Id.*

The record reflects that the trial court considered the Defendant's capacity for rehabilitation as a factor during sentencing. The court found that the Defendant "has a capacity for rehabilitation" but that the Defendant's "testimony . . . [was] not very helpful on the issue of his present amenability to rehabilitation through alternative sentencing" because the Defendant did not take full responsibility for the offenses. The court's denial of probation based upon the Defendant's probation violations is supported by the record. *See* T.C.A. § 40-35-103(1)(C). The Defendant received the benefit of probation for attempted aggravated burglary, but the record reflects that the Defendant violated conditions of probation four times. The Defendant admitted he was on probation at the time he committed the current offenses. The record reflects that measures less restrictive than confinement had been unsuccessful. *See id*. The court properly applied the purposes and principles of sentencing and the court did not abuse its discretion in denying the Defendant's request for alternative sentencing. He is not entitled to relief on this basis.

Relative to the Defendant's assertion that the trial court should have applied mitigating factor (4), we conclude that the trial court did not abuse its discretion. *Id*. § 40-35-113(4) ("The defendant played a minor role in the commission of the offense[.]"). The Defendant was in possession of stolen items matching the description of items taken from the victim's home, including a cell phone belonging to the victim's daughter. The Defendant drove a gray Altima that matched the description of the car used during the burglary. The Defendant's testimony was the only evidence presented at the sentencing hearing that the Defendant played a minor role in the offenses. However, the court implicitly discredited the Defendant's testimony. "Questions of credibility of the witnesses, the weight and value of the evidence, and resolution of conflicts in the evidence are matters entrusted to the trial judge as the trier of fact." *State v. Tuttle*, 515 S.W.3d 282, 299 (Tenn. 2017); *see State v. Odom*, 928 S.W.2d 18, 23 (Tenn. 1996). The Defendant is not entitled to relief on this basis.

In consideration of the foregoing and the record as a whole, we affirm the judgments of the trial court.

_____
ROBERT H. MONTGOMERY, JR., JUDGE