IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs September 9, 2025

## STATE OF TENNESSEE v. JOHN WENDELL LEWIS

**Appeal from the Circuit Court for Madison County**
No. 23-523        Kyle C. Atkins, Judge

_____

## No. W2024-01692-CCA-R3-CD

_____

The Defendant, John Wendell Lewis, appeals from his guilty-pleaded conviction for unlawful possession of a firearm by a convicted felon, a Class B felony. *See* T.C.A. § 39-17-1307(b)(1)(A) (Supp. 2022) (subsequently amended). The trial court ordered the Defendant to serve an eight-year sentence in confinement. On appeal, the Defendant, a Range I offender, contends the court erred by denying alternative sentencing. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which TIMOTHY L. EASTER and TOM GREENHOLTZ, JJ., joined.

Jeremy Epperson, District Public Defender; and John D. Hamilton, Assistant District Public Defender, for the appellant, John Wendell Lewis.

Jonathan Skrmetti, Attorney General and Reporter; Raymond J. Lepone, Assistant Attorney General; Jody S. Pickens, District Attorney General; and Bradley F. Champine, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

A Madison County Grand Jury indicted the Defendant for unlawful possession of a firearm by a convicted felon. The Defendant pleaded guilty to the charge and agreed to be sentenced as a Range I offender, leaving the trial court to determine the length and manner of service.

As a prefatory matter, we note that the transcript of the guilty plea hearing is not part of the appellate record. *See* T.R.A.P. 24(b) (stating that the appellant has the duty to prepare a record which conveys a "fair, accurate, and complete account of what transpired with respect to those issues that are the bases of appeal."); *see also State v. Keen*, 996 S.W.2d 842, 843-44 (Tenn. Crim. App. 1999) ("[A] transcript of the guilty plea hearing is often (if not always) needed in order to conduct a proper review of the sentence imposed."). An appellant who fails to include the transcript of the guilty plea hearing in the record risks waiver of a sentencing issue. Nevertheless, an appellate court will consider on a case-by-case basis whether a record is sufficient for review. *State v. Caudle*, 388 S.W.3d 273, 279 (Tenn. 2012); *see State v. Darrius Levon Robinson*, No. E2023-00391-CCA-R3-CD, 2024 WL 837945, at *5 (Tenn. Crim. App. Feb. 28, 2024). In the present case, the record is sufficient for review, and we will consider the Defendant's sentencing issue on its merits, notwithstanding the absence of the transcript of the guilty plea.

At the sentencing hearing, the presentence report was received as an exhibit. It said the affidavit of complaint reflected that on October 25, 2022, Jackson Police Department Officer Zachary Cobb responded to a "ShotSpotter alert."[1] When Officer Cobb arrived at the area where gunfire was detected, he found five individuals, including the Defendant, standing around a vehicle. The Defendant gave Officer Cobb permission to search his backpack, and Officer Cobb found .380 Hornady bullets in it. Officer Cobb also found a Cobra .380 handgun underneath the vehicle with a Hornady .380 bullet inside the chamber. The bullet in the handgun matched the bullets found in the Defendant's backpack. A similar Hornady cartridge casing was found in the Defendant's pants pocket. The Defendant was charged with possessing the handgun as a convicted felon because of his prior aggravated robbery and larceny convictions.

The presentence report further reflected that the forty-nine-year-old Defendant completed the eighth grade, later completed his GED, and was in good physical health. The Defendant reported that he was diagnosed with schizophrenia and had been hospitalized on numerous occasions for mental health issues. The Defendant participated in Clark County, Nevada, Mental Health Court and had received inpatient treatment through the Safe Haven program. The Defendant reported that he currently did not take any mental health medications. The Defendant reported that he had been unemployed since receiving Social Security disability benefits in 2006. The presentence report noted that the Defendant's grandparents, mother, and siblings resided in Memphis, and that the Defendant had three adult children. The Defendant was assessed with "high or moderate needs in mental health, education, and employment."

---

[1] ShotSpotter is "a system that pinpoints the location of gunfire throughout the city" of Jackson. *See State v. Keyshawn Devonte Fouse*, No. W2021-00380-CCA-R3-CD, 2022 WL 6257349, at *1 (Tenn. Crim. App. Oct. 10, 2022).

Amanda Bradford, the Defendant's girlfriend, testified that she was employed and that the Defendant had lived with her before being incarcerated for the instant case. She stated that, if the Defendant were released, she would ensure the Defendant had transportation to work.

The Defendant testified that, prior to his being incarcerated, he had used alcohol to cope with his mental health issues, but presently he had been taking prescription medication which negated his "need" for alcohol. The Defendant described himself as being a mentor and "a very positive force" for other inmates, especially those with mental health issues. On cross-examination, the Defendant said he was twenty years old when he was first arrested. He estimated that he had been arrested six times and that most of his arrests, including those for felony offenses, occurred when he lived in Nevada. He acknowledged that he received eighteen months of probation in Nevada and that his probation was revoked after completing seventeen months. The Defendant stated that he had completed eighteen months of probation on another occasion.

The State argued that enhancement factors applied, that the Defendant was not a favorable candidate for alternative sentencing due to his Class B felony conviction and criminal history, that confinement was necessary to protect society, and that measures less restrictive than incarceration had frequently been applied unsuccessfully. The Defendant contended that mitigating factors were applicable because there had been no risk of serious bodily injury, the Defendant had an opportunity for employment upon release, and the court had received letters in support of the Defendant.

The trial court received into evidence court documents and certified copies of judgments from Nevada, the presentence report, which included a risk and needs assessment, and a letter from the Adult Reentry Training Camp director recommending the Defendant for its services. The court also received a letter from Tamara Taylor, a correctional officer at the Madison County jail. Ms. Taylor stated that the Defendant had actively participated in the facility's programs, that the Defendant had been a positive influence on other inmates, and that the Defendant had the potential to reintegrate successfully into society.

The trial court noted that the Defendant was considered a Range I offender pursuant to the plea agreement. The court applied enhancement factor (1), finding the Defendant had a history of criminal convictions in addition to those necessary to establish the appropriate range. T.C.A. § 40-35-114(1) (Supp. 2022) (subsequently amended). The court also applied enhancement factors (8) and (13) because the Defendant failed to comply with the conditions of release into the community and violated a condition of his bond. *Id.* § 40-35-114(8), (13). The court determined that mitigating factor (1) did not apply, noting that "shots were fired and a pistol was found, which can threaten serious

bodily injury." *See id.* § 40-35-113(1) (Supp. 2024). The court considered the letters submitted in support of the Defendant as a mitigating factor. *See id*. § 40-35-113(13). The court considered the principles of sentencing, arguments made as to sentencing alternatives, the presentence report, the nature and characteristics of the criminal conduct involved, the information offered by the parties on mitigating and enhancement factors, and statistical information provided by the Administrative Office of the Courts.

The trial court then weighed factors regarding alternative sentencing. The court found that the risk and needs assessment weighed neutrally, that the Defendant's physical, mental, and social history weighed against probation, that the Defendant's prior criminal history weighed against probation, and that the facts and circumstances of the offense weighed against probation. The court determined that the Defendant was not likely to abide by the terms of probation because he was currently in custody for failing to abide by the terms of his bond. The court found that the Defendant's potential for rehabilitation weighed neutrally because the Defendant's past criminal history was offset by Ms. Taylor's character reference letter. The court found that the Defendant was not likely to commit additional criminal offenses but that measures less restrictive than confinement had frequently or recently been applied unsuccessfully because the Defendant had been in the criminal justice system since he was twenty years old. The court found that the Defendant was not eligible for drug court and that he was not a favorable candidate for probation as a result of his Class B felony conviction and lengthy criminal history. *See id.* § 40-35-102 (2019). Finding that the factors weighed against probation, the court ordered the Defendant to serve an eight-year sentence in confinement.[2] This appeal followed.

The Defendant contends that the trial court erred by denying alternative sentencing. The State responds that the court did not abuse its discretion by ordering the Defendant to serve his sentence in confinement. We agree with the State.

This court reviews challenges to the manner of service of a sentence within the appropriate sentence range "under an abuse of discretion standard with a 'presumption of reasonableness.'" *State v. Bise*, 380 S.W.3d 682, 708 (Tenn. 2012). A trial court must consider any evidence received at the trial and sentencing hearing, the presentence report, the principles of sentencing, counsel's arguments as to sentencing alternatives, the nature and characteristics of the criminal conduct, any mitigating or statutory enhancement factors, statistical information provided by the Administrative Office of the Courts as to sentencing practices for similar offenses in Tennessee, any statement that the defendant made on his own behalf, the potential for rehabilitation or treatment, and the result of the validated risk and needs assessment. T.C.A. §§ 40-35-103 (2019), -210 (2019); *State v.*

---

[2] The Defendant received the minimum Range I sentence for a Class B felony. *See* T.C.A. § 40-35-112(a)(2) (2019).

*Ashby*, 823 S.W.2d 166, 168 (Tenn. 1991); *State v. Moss*, 727 S.W.2d 229, 236 (Tenn. 1986); *State v. Taylor*, 744 S.W.2d 919 (Tenn. Crim. App. 1987); *see* T.C.A. § 40-35-102 (2019).

The standard of review for questions related to probation or any other alternative sentence is an abuse of discretion with a presumption of reasonableness. *Caudle*, 388 S.W.3d at 278-79. Generally, probation is available to a defendant sentenced to ten years or less. T.C.A. § 40-35-303(a) (2019) (subsequently amended). The burden of establishing suitability for probation rests with a defendant, who must demonstrate that probation will "'subserve the ends of justice and the best interest of both the public and the defendant.'" *State v. Souder*, 105 S.W.3d 602, 607 (Tenn. Crim. App. 2002) (quoting *State v. Dykes*, 803 S.W.2d 250, 259 (Tenn. Crim. App. 1990)); *see* T.C.A. § 40-35-303(b); *State v. Carter*, 254 S.W.3d 335, 347 (Tenn. 2008). A defendant who is charged with a Class A or B felony and who has a criminal history evincing a clear disregard for the laws and morals of society is not considered a favorable candidate for alternative sentencing options. *See* T.C.A. § 40-35-102(6)(A).

A sentence is based upon "the nature of the offense and the totality of the circumstances," including a defendant's background. *Ashby*, 823 S.W.2d at 168; *see State v. Trotter*, 201 S.W.3d 651, 653 (Tenn. 2006). A trial court is permitted to sentence a defendant who otherwise qualifies for probation or alternative sentencing to incarceration when:

> (A) [c]onfinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
>
> (B) [c]onfinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
>
> (C) [m]easures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant[.]

T.C.A. § 40-35-103(1)(A)-(C); *see Trotter*, 201 S.W.3d at 654. A trial court must consider (1) the defendant's amenability to correction, (2) the circumstances of the offense, (3) the defendant's criminal record, (4) the defendant's social history, (5) the defendant's physical and mental health, and (6) the deterrence value to the defendant and others. *See State v. Trent*, 533 S.W.3d 282, 291 (Tenn. 2017) (concluding that the same factors used to determine whether to impose judicial diversion are applicable in determining whether to grant probation); *see also State v. Electroplating*, 990 S.W.2d 211, 229 (Tenn. Crim. App. 1998); *State v. Parker*, 932 S.W.2d 945, 958 (Tenn. Crim. App. 1996).

Likewise, a trial court's application of enhancement and mitigating factors are reviewed for an abuse of discretion with "a presumption of reasonableness to within-range sentencing decisions that reflect a proper application of the purposes and principles of our Sentencing Act." *Bise*, 380 S.W.3d at 707. "[A] trial court's misapplication of an enhancement or mitigating factor does not invalidate the sentence imposed unless the trial court wholly departed from the 1989 Act, as amended in 2005." *Id*. at 706. "So long as there are other reasons consistent with the purposes and principles of sentencing, as provided by statute, a sentence imposed . . . within the appropriate range" will be upheld on appeal. *Id*.

The record reflects that the trial court considered the relevant sentencing factors and placed on the record its reasons for denying alternative sentencing. The court considered the presentence report, including the risk and needs assessment, the principles of sentencing, the arguments of counsel, relevant statistical information, the nature and characteristics of the criminal conduct, mitigating and enhancement factors, the Defendant's prior criminal conduct, testimony from the Defendant and his girlfriend, letters in support of the Defendant, and the Defendant's potential for rehabilitation. Accordingly, the court's sentencing decision is accorded the presumption of reasonableness.

The Defendant asserts that the trial court failed to apply mitigating factor (1) in its sentencing determination. *See* T.C.A. § 40-35-113(1). Mitigating factor (1) provides that the Defendant's "criminal conduct neither caused nor threatened serious bodily injury." *Id*. According to the Defendant, "there was no proof offered at the sentencing hearing or in the presentence report regarding who, if anyone, was, in fact, threatened with any such serious bodily injury."

The trial court concluded that mitigating factor (1) did not apply because "in this case [there] was a Shot[Spotter] Report where shots were fired and a pistol found, which can threaten serious bodily injury." The appellate record contains limited facts regarding the Defendant's arrest. The affidavit in support of the arrest warrant stated only that an officer responded to a ShotSpotter report and found the Defendant and four other individuals standing around a vehicle beneath which a loaded handgun was found. The Defendant had a cartridge casing in his pants pocket that matched the bullet in the handgun. It is unclear from the record whether the court relied upon additional facts from the guilty plea hearing when making its determination. The record before us includes only the affidavit, and we must presume that the missing guilty plea transcript supports the court's determination regarding mitigating factor (1). *State v. Vincent Clifton*, No. W2012-01651-CCA-R3-CD, 2013 WL 2297130, at *9 (Tenn. Crim. App. May 21, 2013) (citing *Caudle*, 388 S.W.3d at 279 (holding that if "the record is adequate for a meaningful review, the appellate court may review the merits of the sentencing decision

with a presumption that the missing transcript would support the ruling of the trial court")).

The record reflects that the trial court considered the purposes and principles of the Sentencing Act and did not abuse its discretion by ordering the Defendant to serve his sentence in confinement. The Defendant is not entitled to relief.

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.


**s/ Robert H. Montgomery, Jr.**
ROBERT H. MONTGOMERY, JR., JUDGE